Forest v. Crenshaw.

CASE 9—ORDINARY—1883.

# Forest v. Crenshaw.

| 81 | 51 |
| 130 | 717 |
| 135 | 22 |

APPEAL FROM METCALFE CIRCUIT COURT.

1. Instructions should be identified by making them a part of the record by an order of court, or they should form part of the bill of exceptions signed by the court.
2. The proper mode is to include them in the bill of exceptions.

LESLIE & BOTTS FOR APPELLANT.

1. Improper evidence was permitted to go to the jury.
2. The deed from Tinsley's heirs to Twyman should not have been admitted. (Morehead & Brown's Stat., 457.)
3. The second instruction is error. The court erred in refusing instruction No. 9. (Fox v. Hinton, 4 Bibb, 559.)

WM. LINDSAY FOR APPELLEE.

1. It is plain that this court cannot, upon the face of the bill of exceptions, ascertain what is the purport of instruction No. 9.
2. The judge had no right to impose upon the clerk the duty, nor to give him the authority, to complete the bill of exceptions by inserting as parts of it papers not made matters of record, nor identified by any order of court. (1 Litt., 255; 7 Bush, 476; 12 Ib., 119; McAllister v. Ins. Co., 78 Ky.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

We have made no examination of the testimony in this case, as the instructions are not properly a part of the record. The refusal of the court to give a peremptory instruction is not assigned for error, and as to the other instructions complained of, they are not embraced by or included in the bill of exceptions signed by the judge.

The clerk has copied certain instructions, but whether they were the instructions given or refused we cannot know. They were not made part of the record in the court below by any order of court, nor are they identified by being in the bill of evidence. They form no part of it. Besides, the instruction given for the plaintiff, and to which the appellant

excepted, was given without objection, and an exception only reserved. Instructions should be identified by making them part of the record by an order of court, or they should be embodied in the bill of exceptions signed by the judge. The proper mode is to include them in the bill of exceptions.

If not made part of the record by an order, or included in the bill of exceptions, the clerk could insert any instruction found in the papers, whether offered or not.

The judgment must therefore be affirmed.