CASE 3.—ACTION BY H. M. RUNYONS AND ANOTHER AGAINST T. H. BURCHETT, IN WHICH HE FILED A COUNTERCLAIM.—Oct. 20, 1909.

## Runyons v. Burchett

Appeal from Floyd Circuit Court.

D. W. GARDNER, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Pleading—Sufficiency—Aider by Verdict.—In an action against a seller of standing timber for a deficiency in the timber which had been paid for, an answer alleging for a counterclaim that the buyer unlawfully cut and removed from the land timber which did not belong to him, that 800 or more trees which belonged to the seller were removed, and that each tree was worth $1.50, was sufficient after verdict and judgment for the seller to state a cause of action on a counterclaim.

2. Appeal and Error—Record—Instructions—Bill of Exceptions.—Instructions can not be considered by the appellate court where they are not made a part of the record by bill of exceptions or by order of court.

3. Logs and Logging—Sale of Standing Timber—Counterclaim—Evidence.—In an action against a seller of standing timber for a deficiency in timber, which had been paid for, evidence

held to justify a verdict for the seller on his counterclaim based on the buyer taking trees not included in the contract of sale.

WALTER S. HARKNESS and JAMES GOBLE for appellants.

MAY & MAY for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On August 18, 1902, a written contract was entered into between T. H. Burchett of the first part, and A. L. James of the second part, which among other things contained the following provisions:

"Party of the first part does this day bargain and sell to party of the second part all the white oak and chestnut belonging to him. Party of the second part do bind himself to mark said timber from twenty inches clear the bark at an ordinary stump, with all trees that will make a clean log 30 feet long. Second party agrees to pay first party $1.00 per tree. Party of the second part binds himself to begin to brand said timber 24th day of August. Second party agrees to brand as speedy as possible until trees are branded. When done branding second party is to pay for said timber."

After the writing was entered into, Burchett and James went upon the land with their helpers and measured and marked with a cross-mark with a hatchet the trees which were accepted under the contract. After this had been done James sold the trees to S. W. Patten for $1.25 apiece; and, to save the cost of making two deeds, he and Burchett executed a deed to Patten, the granting clause of which is as follows:

"That for and in consideration of one dollar per tree, in hand paid to the said Thomas H. Burchett;

and the further consideration of twenty-five cents per tree in hand paid to the said A. L. James, for thirty-three hundred and eighty-six white and chestnut oak trees, branded with an 'X' cut with a hatchet on the said trees, now standing on the land of the said Thomas Burchett, on Buffalo creek, Floyd county, Kentucky, and on the Clerk branch and Wolf branch of said Buffalo creek, including all the land owned by the said Burchett on the waters of Buffalo creek. The said trees to be twenty inches in diameter inside of bark, reasonable stump high, and thirty feet and upward in length, the said trees now being marked with the 'X' in the bark, by the party of the second part.''

Patten sold the trees to the American Car & Foundry Company for $1.75 apiece, that company agreeing to take all trees 20 inches in diameter clear of bark and 24 feet long. It then went into the woods and began cutting the timber. It cut off the land 2,534 trees which came up to the contract; also 490 trees which were branded but were not 20 inches in diameter at the stump clear of bark. Thereupon this suit was filed by Patten and H. M. Runyons, who was a partner with him in the deal, against Burchett to recover for the deficiency in the timber which had been paid for upon the basis that there were 3,386 trees filling the contract. Burchett filed an answer in which he denied that there was a deficiency, and alleged that the plaintiffs and those claiming under them had cut and taken 800 of his trees not included in the contract, which were of value of $1,200, and this he pleaded as a counterclaim. The allegations of the reply were controverted, and a trial was had before a jury which resulted in a verdict and judg-

ment in favor of Burchett for $400. The plaintiffs appeal.

It is insisted that the allegations of the plaintiffs' answer are not sufficient to state a cause of action on the counterclaim. The allegation of the original answer is as follows: "Defendant says * * * that plaintiffs unlawfully cut and removed from this defendant's land 800 or more trees which belonged to this defendant, and that said trees were worth $800, and he is entitled to recover the value thereof on his counterclaim herein."

But he thereafter filed an amended answer which was in these words:

"The defendant, Thomas H. Burchett, amends his original answer and counterclaim herein by leave of the court, and for amendment says that the allegation that the value of the 800 trees taken by the plaintiffs that were not branded and did not belong to them, instead of being stated at $800 should have been stated at $1,200, or $1.50 per tree."

The reply filed by the plaintiffs to the amended answer is as follows:

"The plaintiffs for reply to amended answer of defendant filed herein September 9, 1908, say it is untrue, and they deny that defendant's answer should have stated that the 800 trees which were taken by the plaintiffs which were not branded and did not belong to them, instead of being stated at $800, should have been stated at $1,200, or $1.50 per tree. They deny that they took any trees which did not belong to them which were worth $1,200, or any other amount, or were worth $1.50 per tree."

It is manifest that the amended answer and the reply made up an issue as to whether the plaintiffs had cut 800 trees or any other number from the land which

were not branded, and did not belong to them, and, if there was any doubt of this, the pleading is certainly good after verdict and judgment. Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, 24 Ky. Law Rep. 1053.

It is also insisted that the court misinstructed the jury, but this matter is not so presented by the record that we can consider it. The instructions given by the court are not embodied in the bill of exceptions, or made part of the record in any way. The bill of exceptions contains these words:

"Here copy instructions Nos. 2, 3, 4"—also as to other instructions these words: "Here copy said instructions."

It has been often held that, although the instructions may be copied elsewhere in the record by the clerk, they can not be considered by this court where they are not made part of the record by bill of exceptions or by order of court. Forest v. Crenshaw, 81 Ky. 51, 4 R. 596-613, Johnson v. Postal Telegraph Co., 50 S. W. 1, 20 Ky. Law Rep. 1821; Housman v. Long, 66 S. W. 821, 23 Ky. Law Rep. 1994. We have examined, however, the instructions copied in the record, and find no substantial error in them. The question whether the plaintiffs had cut trees which they had not bought, and whether there was a deficiency in the trees bought below 3,386, the number specified in the deed, and if a deficiency, how much, were so submitted to the jury that under the evidence before them they could not have been misled.

Lastly, it is earnestly insisted that the verdict of the jury is palpably against the evidence. In this we can not concur. There was evidence warranting the jury in concluding that the plaintiffs had cut from 400 to 800 trees that were not branded or included in the contract. It was admitted that the plain-

tiffs had cut and taken away 2,534 trees which filled the contract. It was also admitted that they had cut and taken away 490 trees which were branded, but which were not 20 inches in diameter at the stump clear of the bark. There was also evidence warranting the jury in concluding that there were yet standing on the land and not cut 400 branded trees; thus showing that there were 3,424 trees branded if these figures are correct, while the deed only called for 3,386 trees.

The proof for the plaintiffs was to the effect that the 490 trees which were less than 20 inches in diameter were taken by them under an agreement with Burchett that they were to be counted two for one. But he denies this, and under all the circumstances we can not say that the jury were not warranted in accepting his version of the transaction. We are satisfied from the evidence that there were a number of trees which were branded which were not twenty inches in diameter at the stump clear of bark; but inasmuch as the jury were warranted in finding that the plaintiffs had cut and carried away three or four hundred more trees than they had bought, we can not say that the verdict in favor of the defendant for $400 is palpably against the evidence.

Judgment affirmed.