## Trosper Coal Company v. Rader.

(Decided November 18, 1915.)

### Appeal from Knox Circuit Court.

1. Appeal and Error—Jury—Panel—Motion to Discharge—Review.—Where, on motion to discharge the jury panel on the ground that a sheriff summoned more bystanders than the statute authorizes, the facts appear only in the motion itself and are not supported by affidavits properly made a part of the record, or verified by order of court, or certified to in the bill of exceptions, the action of the trial court in overruling the motion is not subject to review.

2. Witnesses—Attorneys—When Competent to Testify.—An attorney cannot testify concerning any communication made to him by his client in that relation, or his advice thereon, without his client's consent. In all other cases he is a competent witness for or against his client.

3. Damages—Evidence.—In an action for damages, evidence examined and held sufficient to sustain the verdict.

4. Trial—Instructions—Where the real issues are properly covered by a given instruction, it is not prejudicial error to refuse to give certain instructions offered by the defendant.

P. D. BLACK and BLACK, BLACK & OWENS for appellant.

J. M. ROBSION for appellee.

Opinion of the Court by William Rogers Clay, Com-
missioner.—Affirming.

This is the second appeal of this case. The opinion
on the former appeal may be found in 154 Ky., 671. The
first judgment was reversed because of indefiniteness in
the proof of damages. On the second trial plaintiff re-
covered a judgment for $900.00. Defendant appeals.

The defendant made a motion to discharge the jury
panel, on the ground that the sheriff, in violation of sec-
tion 2247, Kentucky Statutes, summoned fifteen bystand-
ers to try the case. The motion was overruled and de-
fendant insists that this was error. The facts on which
the motion is predicated appear only in the motion it-
self. No affidavit accompanies the motion. There is no
order of court showing that fifteen bystanders were
summoned by the sheriff; nor are the facts certified to
in the bill of exceptions. This court cannot assume that
facts appearing only in a motion are true. For aught
that the record shows, the trial court may have overruled
the motion because the facts stated were not true. Un-
less the facts relied on to obtain the discharge of a jury
panel are supported by an affidavit which is made a part
of the record, or are verified by an order of court, or are
certified to in the bill of exceptions, the action of the
trial court in refusing to discharge the jury panel is not
subject to review.

The point is again made that plaintiff failed to show,
with reasonable certainty, the amount of damages he
sustained. Under his version of the contract, he was to
get the water out and keep it out of a certain entry in
defendant's mine. For this service defendant was to pay
him 9 cents a ton on the coal mined from this entry, if
taken out by the company, but, if taken out by him, 45
cents a ton. According to plaintiff's version, the con-
tract included the coal left in the pillars and stumps of
the entry, while defendant claims that the stumps and
pillars were not included. Rader says that the cost of
getting and keeping the water out of the entry was about
3 cents a ton, and that he could have made a clear profit
of 6 cents a ton. Plaintiff's witnesses estimate the
amount of coal left in the entry at from 25,000 to 37,000
tons. While it may be true that the estimates of his
witnesses are excessive, we conclude, from an examina-
tion of all the evidence in the case, that it is sufficient

to sustain the verdict of the jury, which is based on a finding of 15,000 tons.

Complaint is made of the fact that H. H. Owens, one of defendant's attorneys, who is also a graduate of Harvard and a mining engineer of considerable experience, was called by plaintiff and testified, over defendant's objection, to the number of tons of coal in an acre. It is the rule that an attorney cannot testify concerning any communication made to him by his client in that relation, or his advice thereon, without his client's consent, but that in all other cases he is a competent witness for or against his client. Hall & Co. v. Renfro, 3 Met., 51; Southard v. Cushing's Admr., 11 B. Mon., 344; Section 606, Civil Code; Milan v. State, 24 Ark., 346; Loomis v. Norman Printers' Supply Co., 81 Conn., 343, 71 Atl. 358; Wilkinson v. People, 226 Ill., 135, 80 N. E., 699, 40 Cyc., 2233. Here Mr. Owens did not testify concerning any communication made to him by his client, or with reference to any advice that he gave his client. His evidence related only to certain scientific facts and he was, therefore, a competent witness.

The real issues between the parties being covered by the instructions given by the trial court, we find no prejudicial error in the refusal of the trial court to give any one of the instructions offered by the defendant.

Judgment affirmed.