## Kentucky Utilities Company v. McCarty's Administrator.

(Decided June 1, 1916.)

### Appeal from Montgomery Circuit Court.

1. Death—Actions for Causing Death—Negligence of Beneficiary.— That one parent violates Kentucky Statutes, section 331a, by knowingly suffering or permitting the employment of a boy under sixteen years of age, contrary to the terms of that section, does not defeat a recovery for death for the benefit of the other parent, who is not guilty of a similar violation.

2. Death—Actions for Causing Death—Instructions—Suffer or Permit—Definition.—The words "suffer or permit," as used in Ken-

tucky Statutes, section 331a, respecting the employment of a child under sixteen years of age, are so plain in their meaning and easily understood that any effort to define them by instructions would simply result in the employment of. synonyms or explanatory phrases, whose meaning would be no clearer than that of the words themselves.

3. Death—Actions for Causing Death—Negligence of Beneficiary—Instructions.—In an action for the death of a boy under sixteen years of age, employed in violation of section 331a of the Ken-. tucky Statutes, the parents will not be denied a recovery unless they knowingly suffered or permitted the employment.

4. Death—Actions for Causing Death—Instructions—Measure of Damages.—Where, in an action for the death of a child employed in violation of section 331a of the Kentucky Statutes against the employer and a railroad company, the railroad company pays $3,000.00 in settlement of its liability, and either parent knowingly suffered or permitted the employment, the measure of damages is one-half of the excess, if any, of the sum which the jury may believe from the evidence will fairly compensate the estate of the decedent for the destruction of his power to earn money over and above the sum of $3,000.00.

5. Death—Actions for Causing Death—Negligence of Beneficiary—Mental Incapacity of Beneficiary—Instructions.—Where, in an action for damages for the death of a child employed in violation of section 331a of the Kentucky Statutes, and defended on the ground that the beneficiaries knowingly suffered or permitted the employment, there is sufficient evidence on the question of the mental incapacity of the mother of the decedent, the jury should be instructed that if they believe from the evidence that the child's mother, during the time of his employment by defendant, had not sufficient reason to know he was so employed, or sufficient power of will to govern her actions respecting his employment, they will find that she did not knowingly suffer or permit him to be employed by defendant.

GORDON & LAURENT, HENRY R. PREWITT and BERNARD FLEXNER for appellant.

ROBERT H. WINN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Overruling appellant's petition for modification and extension of opinion, sustaining appellee's petition for the same purpose and modifying opinion.

In its petition for rehearing appellant insists that the court erred in not holding that a violation of the child labor statute by either parent was a complete bar to the action. In a case like this, the employer is held civilly liable for violation of a criminal statute. A recovery is de-

nied the parents only because they have violated the same statute. Under this statute, neither parent can be held criminally liable for the acts of the other, and since the denial of a recovery is based entirely on criminal liability, it necessarily follows that the parent who has not violated the statute should not reap the consequences of the criminal act of the other. We, therefore, adhere to the view announced in our original opinion (169 Ky. 38) that the violation of the statute by one parent affords no ground for denying a recovery to the other parent, who is not guilty of a similar violation.

Appellant also claims that the instructions directed to be given on another trial should define the words "suffer or permit." We conclude, however, that these words are so plain in their meaning and easily understood that any effort to define them would simply result in the employment of synonyms or explanatory phrases, whose meaning would be no clearer than that of the words themselves.

The point is also made that the word "knowingly," as used in connection with the words "suffer or permit," should be omitted from the instructions. Since, in a criminal case, knowledge would have to be shown, and since criminal liability furnishes the only basis for the denial of a recovery, we conclude that a recovery should not be denied unless the parents knowingly suffered or permitted the employment.

On behalf of appellee, it is insisted that the measure of damages contained in instruction No. 4, directed to be given on another trial, is not correct. By that instruction the jury were told in substance that if they found for plaintiff and believed that either plaintiff or the mother of Ray McCarty knowingly suffered or permitted his employment by the defendant, they should find as damages only one-half of such sum as they might believe from the evidence would fairly and reasonably compensate the estate of Ray McCarty for the destruction of his power to earn money, and deduct therefrom the sum of $3,000.00 if their finding should exceed that sum; but if their finding should be equal to or less than $3,000.00, they should not find any damages for plaintiff. As stated in the original opinion, the $3,000.00 was paid by the railroad company in settlement of its lability for the destruction of decedent's power to earn money. It should, therefore, be credited on the sum due for the destruction of his entire power to earn money, and plaintiff, in case of a finding

under instruction No. 4, would be entitled to recover one-half of the excess of the destruction of decedent's entire power to earn money over and above said sum of $3,000.00. As the instruction is drawn, the $3,000.00 is credited on one-half of the sum due for the destruction of his power to earn money instead of the whole sum due. It therefore follows that the instruction is not correct.

On another trial the court, in lieu of instruction No. 4, will instruct the jury as follows: If you find for plaintiff and believe from the evidence that either plaintiff or the mother of Ray McCarthy knowingly suffered or permitted his employment by the defendant, you will first find such a sum as you may believe from the evidence will fairly and reasonably compensate the estate of Ray McCarty for the destruction of his power to earn money; and, after deducting therefrom the sum of $3,000.00, you will find as damages in favor of plaintiff one-half of the excess, if any; but if the sum which you may fix as fair compensation for the destruction of Ray McCarty's power to earn money does not exceed $3,000.00 you will find no damages in favor of plaintiff.

In view of the evidence concerning the mental condition of Mrs. McCarty during decedent's employment by the defendant, we conclude that on another trial, if the evidence be substantially the same, the following instruction should also be given: If you believe from the evidence that Ray McCarty's mother, during the time of his employment by defendant, had not sufficient reason to know he was so employed, or sufficient power of will to govern her actions respecting his employment, you will find that she did not knowingly suffer or permit him to be employed by defendant.

We stated in our original opinion that plaintiff lived within less than twenty miles of the place of trial. We made this statement because the distance as stated in the record was nineteen miles. It is suggested that this statement is true if an air line be pursued, but that the distance by the usually traveled road exceeds twenty miles. That being true, the question of distance on another trial will be a matter of proof, and will not be concluded by the statement contained in the opinion.

Wherefore, appellant's petition for modificaton and extension of opinion is overruled, and appellee's petition for the same purpose is granted and the opinion modified, as hereinbefore indicated.