## Carter Coal Company v. Love, Administrator.

(Decided January 4, 1917.)

### Appeal from Knox Circuit Court.

1. **Exceptions, Bill of—When Judge Refuses to Permit Ruling to Appear in Record—Bystanders' Bill.**—If the trial judge refuses to permit counsel to make a part of the record, or put on the order book, his objections to the manner in which the jury is selected, or to make a part of the bill of exceptions, or put on the order book, his timely objections or exceptions to any other action or ruling, counsel should prepare a bystanders' bill setting out the matter complained of in the manner provided in section 337 of the code and file it in this court as a part of the record.

2. **Exceptions, Bill of—Objections—Right of Counsel to Save Exceptions.**—Counsel has the right, not as a matter of favor on the part of the judge, but as a privilege conferred by law, to make objections and save exceptions in proper form to every material ruling of the trial judge to which he desires to except or object, and to have the same appear in the record. The trial judge has no discretion or authority to refuse to permit counsel to make such objections and exceptions as he desires to make, or to refuse to permit the same to be made a part of the record.

3. **Exceptions, Bill of—Appearing for First Time in Motion for New Trial Not Available.**—Objection to the manner in which the jury is being selected should be made at the time, and error in this respect will not be available if it appears for the first time in the motion and grounds for a new trial.

4. Jury—Selection of—Bystanders—Proper Practice in Objecting to.—Objection to bystanders on a jury should be made at the time the jury is being selected and should be supported by affidavit setting out the reasons why the objection is made.

5. Master and Servant—Children—Employment of Under Age of Sixteen.—Under section 331a of the Kentucky Statutes, the employment of a child under sixteen years of age in or about a mine is forbidden.

6. Death—Injury to Minor—Right of Parent to Recover—Pleading.—Where the father of a child employed in violation of the child labor statute is the sole beneficiary of a recovery, and he consents that his child may work in violation of the statute, he cannot recover damages for the death of the child, but this defense should be specially pleaded.

7. Evidence—Life Tables—Appeal and Error.—When life tables are admitted as evidence and either party requests it, the court should at the time admonish the jury that they are admitted for the purpose only of showing the probable duration of life and may be considered with all other testimony on this point. But the failure to so admonish the jury is not in every case prejudicial error.

BLACK, BLACK & OWENS for appellant.

J. D. TUGGLE and J. B. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

David Love, a boy under sixteen years of age, was killed while working as a trapper in the mine of the appellant company, and in this suit by his administrator to recover damages for his death, there was a judgment for five thousand dollars.

The grounds relied on for reversal will be stated in the order in which they are set out in the brief of counsel for appellant. (1) It is urged that reversible error was committed by the trial court in putting thirteen bystanders on the panel of eighteen persons from whom the jury were to be selected. But the error in this respect committed by the trial judge, assuming the statements in the brief of counsel to be correct, is not available here because we do not find in the record that any objection was raised or exception taken at the time the jury was being selected to the fact that the panel offered counsel contained thirteen bystanders.

Counsel, however, in their brief excuse the failure of the record to show what occurred when the jury was being selected by the statement that the trial judge refused to permit counsel to put on the order book of the

court a motion, supported by affidavit, raising the question that the panel offered contained thirteen bystanders, and this charge in the brief is accompanied by the affidavit of counsel filed with the brief in which there is set out what occurred between the court and counsel when objection was made to the number of bystanders on the panel before the jury was selected.

Counsel have the right, not as a matter of favor on the part of the trial judge, but as a privilege conferred by law and sanctioned by practice, to make objections and save exceptions in proper form to every material ruling of the trial judge which in the opinion of counsel affects the substantial rights of his client and have the same appear in the record. And it is hardly necessary to say that the trial judge, in the exercise of the functions of his office, has no discretion or right to refuse to permit counsel to make, in proper time and manner, such objections as are not plainly frivolous as he desires to make, and to save, in proper time and manner, such exceptions as he desires to save to the rulings of the court. And if the trial judge arbitrarily refuses to permit counsel to make a part of the record or put on the order book his objections to the manner in which the jury is selected, or to make a part of the bill of exceptions or put on the order book, whichever may be the appropriate place, his timely objections or exceptions to any other action or ruling, the proper course for counsel to pursue is to prepare a bystanders' bill setting out the matter complained of in the manner provided in section 337 of the Civil Code and bring it to and file it in this court with and as a part of the record. Otherwise the error complained of will not be available on appeal, because it is manifest that in the regular and due course of procedure we cannot take cognizance of questions of practice that appear only in the brief of counsel.

We had before us in Trosper Coal Co. v. Rader, 166 Ky. 797, the question as to the proper practice when a motion to discharge a jury panel for error in its selection was made, and in disposing of the matter said: "The defendant made a motion to discharge the jury panel on the ground that the sheriff, in violation of section 2247, Kentucky Statutes, summoned fifteen bystanders to try the case. The motion was overruled and defendant insists that this was error. The facts on

which the motion is predicated appear only in the motion itself. No affidavit accompanies the motion. There is no order of court showing that fifteen bystanders were summoned by the sheriff, nor are the facts certified to in the bill of exceptions. This court cannot assume that facts appearing only in a motion are true. For aught that the record shows, the trial court may have overruled the motion because the facts stated were not true. Unless the facts relied on to obtain the discharge of a jury panel are supported by an affidavit which is made a part of the record, or are verified by an order of court, or are certified to in the bill of exceptions, the action of the trial court in refusing to discharge the jury panel is not subject to review."

It may also be noticed that in the motion and grounds for a new trial we find as one of the grounds that: "The court erred to the prejudice of the substantial rights of defendant in refusing to sustain its motion made to discharge the panel, which motion was made and presented to the court in writing before the jury was sworn, and the court erred in refusing to permit defendant to file said motion and in refusing to permit the clerk of the court to make any order showing said motion was offered by defendant." But this is the only place in the record in which mention is made of this matter, and while it is the correct practice to point out in the motion and grounds for a new trial an alleged error such as this, the proper time to raise objection to the manner in which a jury is selected, or to the character of panel offered, is at the time the panel is presented to counsel for acceptance or rejection. Nothing else appearing, it will be too late to raise the question for the first time in the motion and grounds for a new trial.

(2) The petition sought a recovery on the ground that David Love, at the time he was killed, was under sixteen years of age, and on the further ground that his death was caused by the negligence of the mine foreman in failing to instruct him properly as to his duties, and by the negligence of the motorman under whose car he was crushed to death.

The evidence as to the age of the boy is conflicting, but this issue was submitted to the jury in an appropriate instruction, and there was sufficient evidence to warrant the jury in finding that David Love was under

sixteen years of age, if the jury rested their verdict against the company upon this ground, as they were properly instructed they might do, because subsection nine of section 331a of the Kentucky Statutes peremptorily forbids the employment of a child under sixteen years of age "in any capacity in, about, or in connection with any mine, coke oven or quarry."

But aside from this ground upon which a recovery might be predicated, there is ample evidence in the record that this boy was not properly instructed concerning his duties as trapper, and that his death was caused by the negligence of the motorman. The accident happened in this way: The entries in the mine are equipped with doors called trap doors, which are kept closed for the purpose of preventing the air forced into the mine from escaping before it performs the functions intended; but the doors were necessarily opened for a few minutes at times to permit trains of cars, empty or loaded, propelled by motor power, to pass through the entries that were obstructed by these trap doors.

This boy, on the day he was killed, was put in charge of three trap doors that closed the openings in the 16th straight, the 5th left and the 4th right entries. And in addition to his duties in connection with opening and closing these doors to permit the passage of trains of cars, he was also charged with the duty of attending to switches worked by levers. The doors were hung on hinges and opened back from and not toward the mouth of the entry. When a motorman on his way out to the mouth of the entry with a train of cars approached one of these doors, it was his duty to signal the trapper to open the door so that he might pass through, but if for any reason the door was found closed when the motorman approached it, it was his duty to stop his motor before reaching the door. But on this occasion when the motorman, Hobbs, who was bringing out a train of cars, came to the trap door on the 16th entry, he found it closed, and in place of stopping, as he should have done, until the door was opened, he drove his motor through the closed door and ran over David Love who happened to be sitting or standing in the entry close to the door on the opposite side of the door from the approaching motor, thereby killing him instantly. It may, therefore, safely be said that the jury had ample evidence to justify them in finding, if

they put their finding upon this ground, that the death of the boy was directly caused by the gross negligence of the motorman, Hobbs.

(3) It is further urged that as David Love did not leave surviving him a widow or child, the recovery of damages, if any, for his death, would go under section six of the Kentucky Statutes, to his father; the evidence not disclosing whether he had a mother living or not, and that the father should not be permitted to reap the benefit of the recovery because he consented to the employment of his son, David, as a trapper in the mine.

Without going into a discussion of the conflicting evidence upon the subject of the father's consent or approval, it is a sufficient answer to the argument of counsel to say that the right of the father to have all or a part of the amount recovered was not put in issue by the answer of the coal company, and, therefore, if it should be assumed that the father, because of his consent, should be denied any right to recover, this defense, to be available, should have been presented in the answer. Kentucky Utilities Co. v. McCarty's Admr., 169 Ky. 38; 170 Ky. 543.

(4) It is claimed that the damages were excessive and the instructions erroneous and prejudicial, but there is no merit in either of these contentions.

(5) On the trial counsel for the administrator offered in evidence a table showing the life expectancy of David Love, and it is insisted that the failure of the court to admonish the jury as to the probative value and effect of this table was prejudicial error.

It was held in L. & N. v. Irby, 141 Ky. 145, that when the life tables are admitted as evidence and either party requests it, the court should at the time admonish the jury that they are admitted for the purpose only of showing the probable duration of life and may be considered with all other testimony on this point. But the failure to so admonish the jury did not in this case prejudice the substantial rights of the coal company. Proctor Coal Co. v. Price's Admr., 172 Ky. 627.

Wherefore, the judgment is affirmed.