## Thompson v. Tyrie, et al.

(Decided November 2, 1923.)

### Appeal from Caldwell Circuit Court.

1. Exceptions, Bill of—Duty of Trial Judge to Sign Bill of Exceptions and Remedy for Failure is to Apply for Mandatory Order.—Under the mandatory provision of Civil Code of Practice, section 337, subsection 3, it is the duty of the trial judge when a bill of exceptions is tendered in time to immediately approve it, if correct, and, if not correct, to perfect it by proper corrections, and then sign it, and he has no discretion in the matter; and, if he arbitrarily refuses or fails to sign the same, the remedy is to apply to the reviewing court for a mandatory order requiring him to do so.

2. Exceptions, Bill of—Bystander's Bill Received as Part of Record where Judge Refuses to Sign Bill of Exceptions.—Where trial judge has arbitrarily refused to sign bill of exceptions as required by Civil Code of Practice, section 337, subsection 3, the appellant may prepare a bystander's bill setting out the matter complained of, and file it in the Court of Appeals as a part of the record.

3. Ejectment—Commissioner's Deed Alone Presents Prima Facie Title.—A commissioner's deed disclosing on its face that sale was made under order of court, naming the purchaser, that sale was reported to court and confirmed, and that the commissioner was ordered to convey to the purchaser, referring generally to all

the records and proceedings in the action, while not conclusive, presents a prima facie title sufficient to uphold a judgment in ejectment the presumption being that the proceedings were regular and sufficient to divest the owner of title, though the parties may resort to the record of such other action to show any defect or fault which might prevent title from passing.

4.    Ejectment—Unnecessary to Prove Title Beyond Common Grantor. —A plaintiff in ejectment is not required to go back in his evidence any further than the common grantor of all the parties, especially when common grantor had been in actual possession claiming title for many years.

R. W. LISANBY and ALVIN LISANBY for appellant.

J. ELLIOTT BAKER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant as plaintiff instituted this suit in ejectment for himself and other alleged joint owners against the appellees to recover a tract of land.

The defendants' answer denied the title of the plaintiff or any of the alleged joint owners, and asserted title in themselves; and, in addition, asserted title in themselves by the alleged adverse possession of themselves and their grantors.

The issues were made up, and on a trial the lower court, at the conclusion of the plaintiff's evidence, directed a verdict for the defendants.

The evidence was not taken down by a stenographer, and the plaintiff desiring to prosecute an appeal secured by an order of the court time to prepare and tender a bill of exceptions. Within the time so granted plaintiff tendered his bill, and the judge of the court, after directing the entry of an order modifying or correcting the same in certain respects, signed it. These modifications or corrections were made at the instance of the attorney for defendants, and on the day after the bill of exceptions was so signed and certified, the court, being of opinion that the bill was still incorrect in some particulars or had been changed since the signing thereof, entered an order setting aside the order made on the previous day filing the bill, and directed that the signature of the judge thereto made the day before be detached therefrom, which was done. . Thereafter on the same day appellant entered a motion that the court sign the bill of exceptions

as tendered, or correct the same if not correct, and sign same after such correction, which motion was overruled, and no bill of exceptions was thereafter signed by the judge of the court.

The judge and the attorneys appear to have gotten into some kind of controversy about an agreement alleged to have been entered into, and several orders were entered on that day, none of which it is necessary to discuss. The essential fact is that the judge never thereafter signed either the bill of exceptions as tendered by the plaintiff, or any bill of exceptions.

Thereafter the plaintiff filed with the clerk of the court his bill of exceptions, together with the affidavits of several bystanders as to its correctness, and he has also tendered in this court his original bill of exceptions with such affidavits, and asked this court to permit it to be filed as such.

We are first asked to strike the bill of exceptions from the transcript.

Under the provisions of subsection 3 of section 337, Civil Code, if the bill of exceptions as tendered be approved by the judge, it is his duty to sign it and cause the same to be filed as a part of the record; and "If not approved, he shall correct it, or suggest the correction to be made, and sign it."

Under the mandatory provisions of that section it is the duty of a trial judge when a bill of exceptions is tendered in time to immediately approve it, if it is correct, and if it is not correct to perfect the same by the proper corrections, and then sign it. He has no discretion in the matter, except to see that the bill of exceptions as signed is correct, and if he arbitrarily either refuses or fails to sign the same the real remedy of the party filing the same is to apply to this court for a mandatory order requiring him to do so. Proctor Coal Co. v. Strunk, 28 R. 241.

But where such action is not taken it has been ruled by this court in the case of Carter Coal Co. v. Love, 173 Ky. 49, that if the trial judge arbitrarily refuses to permit counsel to make a part of the record, or to make a part of the bill of exceptions, his timely objections or exceptions to any ruling of the court, if he prepares bystanders' bill setting out the matter complained of as provided in section 337 of the Code, he may bring it to this court and file it as a part of the record. That is in

effect what appellant has done in this case, and under the authority of that case, and to prevent injustice by reason of the unfortunate controversy in the trial court, the motion to strike the bill of exceptions tendered in this court is overruled.

The pleadings disclose that both parties were claiming title back to and under one George W. Lewis, and the plaintiff offered in evidence a commissioner's deed which appears on its face to have been made in the action of J. R. Hewlett's Executor v. George W. Lewis, et al., and purports to convey the title of George W. Lewis, under a sale had in that action, to the purchaser at such sale. He also offered in evidence a deed from such purchaser to the plaintiff and the other joint vendees therein. He likewise offered in evidence a writ of possession ordered by the court in that action, and the return of the officer thereon showing its execution and that the purchaser at the decretal sale had been placed in possession of the property, and that George W. Lewis had been ousted of such possession.

We are not apprised by the record the ground upon which the trial court directed a verdict for defendants, but from the briefs on file we apprehend it was either (1) because of his opinion that the commissioner's deed in and of itself, without the introduction of the record in the case in which the deed was made, was insufficient to establish title; or (2) that in an ejectment case the plaintiff must either show title deducible from the Commonwealth before he may recover, or adverse possession for the statutory period.

The commissioner's deed discloses on its face that the sale was made under an order of the court entered in the action above referred to; that it was so sold, and who the purchaser was; that it was reported to the court and the sale confirmed, and that an order was entered directing the commissioner to convey the same to the purchaser, and there is a general reference to all the records and proceedings in that action.

We are of opinion that such a commissioner's deed, while not·conclusive of the question of title, presents a *prima facie* title sufficient to uphold a judgment in ejectment, the presumption being that the proceedings had in the action were regular and sufficient to divest the owner of title. Of course the parties may resort to the record of the action and the steps taken therein, to show any de-

fect or fault which might prevent title from passing under the sale.  19 C. J., pages 1184-5.

The title which the plaintiff's evidence showed only went back to George W. Lewis, the common vendor of both the plaintiff and the defendants, under and through whom they were each claiming. The defendants' answer is very explicit in alleging their claim under George W. Lewis, and the title claimed by plaintiff is also under Lewis. So the only question between them is who has the title of Lewis, and whether defendants have a possessory title. Under this state of the pleadings it would be futile to require a plaintiff in ejectment to go back in his evidence any further than the common grantor of all the parties. Especially is this so when the record discloses that prior to the sale in the Hulett case George W. Lewis had been in actual possession of the property claiming the same for fifty years, and presumably he had at that time a perfect possessory title, whether he had a title from the Commonwealth or not.

We are of opinion that the plaintiff made out a *prima facie* case of title and that the court erroneously directed a verdict for the defendants.

The claim that the plaintiff's evidence affirmatively showed title by adverse possession in defendants and their vendors is not sustained by the evidence. The only evidence on that subject is by a witness who states that George W. Lewis in 1899, when he was dispossessed, had been in possession of the land since the witness could recollect. The character of the holding since he was dispossessed is not shown.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.