## Pendergrass v. Coleman.

(Decided March 10, 1925.)

### Appeal from Mercer Circuit Court.

Appeal and Error—Bill of Exceptions Cannot be Corrected by Certificates of Judge, Clerk, and Counsel.—Required instruction, appearing from bill of exceptions not to have been given, bill im-

ports absolute verity, and cannot be corrected by certificate of judge and clerk, and affidavit of counsel, showing that instruction filed as exhibit was actually given, especially in view of Civil Code of Practice, section 337, subsection 2, providing for bystanders' bill.

J. WOODFORD HOWARD, O'REAR, FOWLER & WALLACE and E. H. GAITHER for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The automobiles of Pendergrass and Coleman met in a head-on collision which occurred at about the center of a sharp curve on the Harrodsburg turnpike. Pendergrass sued for $500.00 damages to his machine. Coleman denied liability and counterclaimed for a like amount for similar injuries. Each claims the other was in fault and introduced sufficient evidence to authorize a submission of that issue to the jury.

In the trial Coleman recovered a verdict for $150.00 and Pendergrass appeals. While other matters are mentioned, the only error urged for reversal is that the court failed to give an instruction on contributory negligence. The bill of exceptions shows that such an instruction was offered by plaintiff and refused by the court and that it (the bill) embodies all the instructions given on the trial. No instruction of that character appears in it, nor is any such identified by order of court and copied elsewhere in the clerk's record.

There is, however, filed in this court a certificate of the circuit judge and circuit clerk and an affidavit of counsel for the defendant to the effect that although not included in the bill of exceptions, an instruction on this question was given to the jury; that it was written out and signed by the judge of the court and used in the trial, and the original is filed as an exhibit. This exhibit is proper in form and if it can be considered it would seem that the jury were properly instructed.

The rule of practice in this regard is thus stated in Runyon v. Burchett, 135 Ky. 22: "It has been often held that although the instructions may be copied elsewhere in the record by the clerk they cannot be considered by this court where they are not made a part of the record by the bill of exceptions or by order of court."

To the same effect are Forest v. Crenshaw, 81 Ky. 51; Johnson v. Postal Teleg. & Cable Co., 20 L. R. 1821; Housman v. Long, 23 L. R. 1994; Tinsley v. White, 21 L. R. 1151; Nave v. Riley, 146 Ky. 276; Gooch v. Collins, 156 Ky. 282; Mudd v. Schroader, 152 Ky. 696; Gardner v. Alexander, 159 Ky. 713; Pennyroyal Fair Assn. v. Hite, 195 Ky. 732.

On controverted questions of evidence provision is made by subsection 2 of section 337 of the Civil Code for a bystanders' bill of exceptions, a matter not necessary to be here considered.

Aside from this provision, when the bill of exceptions is properly certified and signed by the court, it imports absolute verity and cannot be attacked or corrected by an additional statement upon the part of the court or officers, and this court must look to it alone for matters within its purview. Garrott v. Ratliff, 83 Ky. 384; Patterson v. Com., 86 Ky. 313; Com. v. Patterson, 10 Rep. 167.

It follows that the additional instruction filed with the affidavit of the Mercer county officials cannot be considered for any purpose. Clearly appellant was entitled to an instruction upon contributory negligence, and in the absence of such in the bill of exceptions the court must find the proceedings in the lower court erroneous.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.