## Miller v. Tartar, Judge (three cases).

(Decided Nov. 18. 1932.)

C. C. WILLIAMS, and R. B. BIRD, and J. C. BIRD, for petitioner.
C. L. TARTER for respondent.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeals.

R. H. Miller was tried and convicted under three indictments at the January term, 1932, of the Rockcastle circuit court, and in each case he was given until the April term of that court in which to file his bill of exceptions. Within the time allowed he tendered his bill of exceptions in each case. Each bill contained what purported to be the language used by the attorney for the commonwealth in his closing argument to the jury. It then recited that objections were made to the argument at the time which were overruled by the court. The judge, when the bill of exceptions was presented to him for his approval, being of the opinion that the language attributed therein to the attorney for the commonwealth had not been used, and consequently that he had made no rulings thereon, struck from the bill of exceptions all statements pertaining to that matter and then signed the bill. Thereupon the attorneys for the defendant prepared a bystander's bill in each case which contained the matter stricken from the bill of exceptions theretofore tendered by them and the judge refused to permit it to be filed.

The defendant has instituted three proceedings in this court, in each of which he seeks a writ of mandamus to compel the judge of the Rockcastle circuit court to certify, or to order the clerk to certify, the original bill of exceptions as presented to and signed by the judge with the language of the attorney for the commonwealth contained therein, and to compel him to order the clerk to file the bystander's bill of exceptions and make the same a part of the record.

There is a dispute between the judge and the attorneys for Miller as to whether the bill of exceptions in each case as originally tendered was signed by the judge and the disputed matter later stricken therefrom

by him, or at his direction, or whether he called the attention of the attorneys to what he considered an error in the bill as prepared by them and struck the matter in dispute from the bill before it was approved by him. We do not deem this a matter of material importance, since the trial judge may, while he has jurisdiction of the, case, correct the bill of exceptions. Givens v. Bradley, 3 Bibb, 192, 195, 6 Am. Dec. 646.

The office of a bill of exceptions is to make a part of the record such matters as transpire in the progress of the trial which do not appear on the order book of the trial court. Broadway & Newport Bridge Company v. Commonwealth, 173 Ky. 165, 190 S. W. 715. The trial judge must determine the accuracy of a bill of exceptions prepared by the party excepting and presented to him, and he is required to sign only such a bill as he deems correct; but he may not arbitrarily refuse to sign a bill, and a writ of mandamus will issue to compel him to sign and approve an unobjectionable bill, or if the bill presented does not fairly state the truth of the case, it is his duty to make such changes and corrections in the bill as will make it conform to the truth and then to sign it. Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779; Casebolt v. Butler, 175 Ky. 381, 194 S. W. 305; Thompson v. Tyrie, 200 Ky. 741, 255 S. W. 526.

Here the trial judge has signed and approved a bill of exceptions which he says is correct, and a writ of mandamus will not issue to compel him to sign a bill containing matter which he says did not occur at the trial. Whether or not this matter—the alleged misconduct of the attorney for the commonwealth in his final argument—can be presented by a bystander's bill is the question to be determined.

Bills of exception were unknown to the common law and were first created by the statute of Westminister 2, 13 Edward I, chapter 31. This statute was held to apply to civil cases only, but later by statute bills of exceptions were permitted in criminal as well as civil cases. 4 C. J. pp. 215, 218; Bacon's Abridgment, vol. 2, p. 112; Nalle v. Oyster 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439; Brown v. State, 29 Fla. 543, 10 So. 736; Hopkins v. Commonwealth, 50 Pa. 9, 88 Am. Dec. 518. Being purely a creation of statute, we must look to the governing statute to ascertain the extent to which mat-

ters may be incorporated in a bill of exceptions and thus made a part of the record for the purpose of review by the appellate court.

A bill of exceptions in a criminal case must be prepared, settled, and signed, as provided in the code of practice in civil cases. Criminal Code of Practice, section 282. Subsection 3 of section 337 of the Civil Code of Practice reads:

"If the bill of exceptions be approved by the judge, he shall sign it, and it shall be filed as part of the record, but not spread at large on the order book. If not approved, he shall correct it, or suggest the correction to be made, and sign it. A party objecting to the judge's correction of an exception which purports to state the evidence may, within five days after the bill is signed, file the exception as written by him, if its truth be attested by the affidavits of two bystanders; but its truth may be controverted and maintained by other affidavits filed in the clerk's office, not exceeding five on either side."

It is clear that where the trial judge has approved a bill of exceptions this section of the Code limits the exceptions which may be incorporated in a bystander's bill to those which purport to state the evidence, and it has been so construed in a number of cases. Garrott v. Ratliff, 83 Ky. 384; Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 387, 391; Id., 99 Ky. 610, 5 S. W. 765; Bruner v. Commonwealth, 225 Ky. 713, 9 S. W. (2d) 1080, 1081; Consolidated Coach Corporation v. Garmon, 233 Ky. 464, 26 S. W. (2) 20, 22; Pendergrass v. Coleman, 207 Ky. 783, 270 S. W. 65.

In Patterson v. Commonwealth, supra, the precise question before us was presented. A bystander's bill of exceptions was prepared which purported to show that the attorney for the commonwealth made an improper argument which the court failed to exclude from the consideration of the jury, though excepted to by the defendant. In holding that this matter cannot be presented in a bystander's bill of exceptions, the court said:

"Section 337, Civil Code, by which proceedings in criminal as well as civil cases are regulated, provides that 'a party objecting to the judge's correction of an exception, which purports to state

the evidence, may, within five days after the bill is signed, file the exceptions as written by him, if its truth be attested by the affidavits of two by-standers.' But no authority is given to this court to consider any questions of law made during the progress of the trial of either a civil or criminal case, unless they appear by the bill of exceptions, regularly approved and signed by the judge, to have been * * * passed on by the court. Nor are we authorized to assume, upon the evidence of a by-stander's statement, that the court has failed or refused to pass upon such questions when made.

"In the case of Garrott v. Ratliff, 7 Ky. Law Rep. 463, this court said: 'The truth of what the judge states or certifies as the bill of evidence may be controverted by the affidavits of by-standers in the form of a bill of evidence; but when he certifies as to his own rulings and exceptions, taken during the progress of the trial, we know of no practice that authorizes his statements, or the verity of the record as made up, to be assailed either by by-standers, or the affidavits of parties interested in the litigation.'

"It is proper to say, in justice to the judge before whom this case was tried, that he states he passed upon every objection made to the argument of the commonwealth's attorney, which was heard by him; and his statement should for obvious reasons of public policy * * * be taken in preference to that of by-standers."

In Bruner v. Commonwealth, supra, the court said:

"It will further be observed that under the provisions of subsection 3 of section 337, Civil Code, it is only matters relating to the evidence where an exception written by the party and approval refused by the judge may be supported and controverted by affidavits. When the trial judge certifies as to his own ruling and exceptions taken during the trial, his statement cannot be assailed by bystanders, and neither can the truth of the record be assailed by bystanders."

In Consolidated Coach Corporation v. Garmon, supra, one of the grounds relied on for a reversal of the judgment was that counsel representing plaintiff

was guilty of misconduct in his closing argument to the jury. The bill of exceptions approved by the trial judge set out the language used by the attorney in his argument. It was contended that no such language was used by the attorney for the plaintiff and an affidavit to that effect was filed. After stating that there is no place for affidavits controverting an exception when the judge signs the bill of exceptions, the court in the opinion said:

"There was an effort to contradict the bill of exceptions by an affidavit, and this cannot be done except where the exception relates to the evidence and there has been an objection to the exception as approved by the judge. When the judge signs and approves a bill of exceptions, the truth of what he states, or certifies, as to the bill of evidence may be controverted by the affidavits of bystanders, in the form of a bill of evidence; but when he certifies as to his own ruling and exceptions taken during the trial, neither his statements, nor the truth of the record as made up, can be assailed by bystanders. In this case he certified that the attorney representing the appellee made the argument complained of, and that it was objected to. There can be no contradiction of this certification, by affidavits."

In Puckett v. Commonwealth, 235 Ky. 340, 31 S. W. (2d) 383, 385, and Carter Coal Company v. Love, 173 Ky. 49, 190 S. W. 481, statements are found which apparently are in conflict with the construction placed on subsec. 3 of sec. 337 of the Code in the cases heretofore cited, but a careful reading of the Puckett and Carter Coal Company Cases discloses that the statement in each case is pure dictum. In the Carter Coal Company Case it was said that if a trial judge arbitrarily refused to permit counsel to save exceptions to alleged error in the selection of a jury, the proper method is to prepare a bystander's bill. That question was not before the court. In Puckett v. Commonwealth, one of the grounds relied upon for a reversal of the judgment was misconduct on the part of the attorney for the commonwealth. The language attributed to the attorney for the commonwealth in the brief for the appellant in that case differed from the language used

by him as shown by the bill of exceptions. It was held that an alleged improper argument by the attorney for the commonwealth, if not set out in the bill of exceptions, cannot be considered on appeal and cases were cited in support of that rule. That was all that was necessary to dispose of the question there under consideration, but the opinion contains this additional statement:

> "If the bill of exceptions as signed by the judge does not contain the truth as to what occurred at the trial, the defendant's remedy under section 337 of the Civil Code of Practice is to file a bystander's bill."

This was dictum and, if intended to refer to matters not related to the evidence, is unsound.

We conclude that subsection 3 of section 337 of the Civil Code of Practice makes provision for a bystander's bill of exceptions only where there is a controverted question of evidence, and that in all other respects a bill of exceptions, when properly certified and signed by the trial judge, imports absolute verity and its correctness cannot be impeached by a bystanders' bill. It is argued that a rule limiting bystanders' bills to controverted questions of evidence would result in injustice to litigants at the hands of unfair and biased judges, but to permit a bill of exceptions signed and approved by the trial judge to be impeached in all respects would result in confusion and delay in the administration of justice and would seriously interfere with the orderly processes of the courts. In any event, the statute on the subject is controlling. The language of that statute is clear and unambiguous and has been construed in the above-cited cases as limiting a bystander's bill to controverted questions of evidence. Those cases show that the question as to the proper construction of the statute has been settled definitely and conclusively by this court, and we think without doubt that it has been settled correctly.

The petition in each case is dismissed.

The whole Court sitting.