### James v. Commonwealth.

May 24, 1940.

G. W. E. Wolfford, Judge.

Thos. D. Theobald, Jr., for appellant.

Hubert Meredith, Attorney General, and W. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted of maliciously shooting at, without wounding, Hank Justice, and sentenced to serve two years in the penitentiary. The ground urged by appellant's counsel for a reversal is that appellant did not have a fair and impartial trial, because of the refusal of the Trial Court to grant him a continuance or to permit him to read to the jury his affidavit as to what his absent witnesses would testify, if present, and because the Court made remarks prejudicial to the appellant in the presence of the jury.

The appellant was indicted at the February 1939 term of the Carter Circuit Cour⁴, and, after several continuances had been granted, was presented for trial

on September 6, 1939. On motion of the appellant, and because of the absence of several material witnesses, the case was then passed to September 12th, on which date the appellant again moved for a continuance on the ground that his witnesses were still absent. In his affidavit for a continuance filed on the latter date it was disclosed that nine of appellant's witnesses were absent, among them, Tom Cassidy, Harlan Gee, Athol Cassidy, Bill Horton, and Vint Gibson, and in an order entered on that date it was recited that the Commonwealth had agreed "that the affidavit might be read as the evidence of the absent witnesses, Bill Horton and Vint Gibson, subject to relevancy and competency," and on September 13th, the second day of the trial, an order was entered reciting:

> "Upon convening of Court on this date, the Court changed his ruling made on the last evening and ruled that the defendant might read his own affidavit as to what he could prove by the witness, Tom Cassiday, Athel Cassiday, and Harlan Gee, subject to relevancy and competency, and thereupon the Court at the suggestion of attorney for the defendant read that part of said affidavit as to what he would prove by the said three witnesses, except part thereof, which is included in parenthesis, and instructed the jury to consider their statements as the evidence of the absent witnesses."

However, the transcript of evidence which was filed as a bill of exceptions, after having been certified by the official stenographer and the Trial Judge as complete and correct and containing all of the evidence "introduced, or offered, or heard for the plaintiff and for the defendant", merely discloses that Vint Gibson appeared in person and testified, and that:

> "The affidavit of the witness, Bill Horton, was read to the jury by Thos. D. Theobald, Jr., which affidavit is in words and figures as follows, to wit:
>
> " 'Affiant further says that the witness, Bill Horton, if present, would testify that he saw the witness, Sizemore, drunk and tangled up in a wire fence about 100 feet from Bert James' house prior to the shooting.' "

Neither the transcript of record nor the transcript of evidence discloses any action of the Court or of ap-

pellant or his counsel relative to the other absent witnesses named in appellant's affidavit filed in support of his motion for a continuance, or relative to the testimony which they would have given as disclosed in the affidavit, and hence it does not appear that appellant's counsel offered to read to the jury his affidavit as to what these remaining witnesses would have testified, if present. In his brief, appellant's counsel states that he was not present in Court and had no knowledge of the order entered by the Court on the morning of September 13th, heretofore quoted, and states emphatically that the defendant's affidavit as to what the witness, Bill Horton, would have testified, was not in fact read to the jury. But, even if it were permissible to thus attack the correctness of the bill of exceptions, the fact still remains that it is not anywhere shown that appellant's counsel offered to read to the jury the testimony of the absent witnesses as disclosed in appellant's affidavit for a continuance, or, except inferentially, that the Trial Court denied him that right. The evils which would ensue from permitting a bill of exceptions, properly approved and certified, to be attacked in the manner in which appellant's counsel, seeks to attack it, are obvious and require no comment. It is sufficient to say that we are concluded by the statements contained in the bill of exceptions and cannot consider any action or ruling of the Trial Court not disclosed therein or any orders entered of record not set forth in the clerk's transcript. Miller v. Tartar, 246 Ky. 52, 54 S. W. (2d) 606, and authorities there cited.

The transcript of evidence filed as a bill of exceptions discloses only two remarks of the Trial Judge which might be considered improper. Upon appellant's counsel making an avowal as to what a witness whom he was cross-examining would have answered had the Court not sustained an objection to the question, the Commonwealth's Attorney requested the Court to listen to the avowal, whereupon the Court remarked, "Can't control an avowal. A fellow can avow there is no heaven or hell". However, the bill of exceptions does not show that this remark was made in the presence of the jury, and even though we should assume that it was made in the presence of the jury and was sufficiently prejudicial to justify a reversal, we would nevertheless be precluded from considering it for the

reason that the record does not show that appellant's counsel excepted or objected to the Court's action in making the objectionable statement. The second remark of the Trial Judge complained of by appellant, and the statement of appellant's counsel which provoked it, are thus shown in the transcript of evidence:

"Mr. Theobald: Defendant moves to take the jury down to the scene of the shooting. It will save time while I talk to my witnesses.

"Court: He is talking about saving time; I don't think he has a right to say anything about economizing at all."

While the transcript discloses that appellant's counsel excepted to this remark of the Court, it also shows that the Court sustained appellant's motion to have the jury taken to the scene of the shooting, and, improper though the remark was, we cannot say that it was prejudicial to appellant's substantial rights.

The instructions are not complained of, and it is not suggested that the evidence of appellant's guilt was not sufficient to have authorized the Court to submit that question to the jury. While it is regretable that any person charged with crime should have occasion to complain of the attitude or conduct of a trial judge charged with the sacred duty of protecting the rights of even the guiltiest, nevertheless, the orderly administration of justice requires that the infringement of such rights must be made apparent in order to justify an appellate tribunal in setting aside a judgment of conviction. The record before us goes no further than to convey the intimation that appellant might have been prejudiced by the attitude of the Trial Judge, and hence we have no alternative but to affirm the judgment.

Judgment affirmed.