## Stroup v. Illinois Cent. R. Co.

Dec. 9, 1941.

Farland Robbins for appellant.

L. R. Smith for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

The appellant, to whom we will refer as the plaintiff, brought this action in the Graves circuit court against appellee, defendant below, to recover of it the value of an automobile owned by her and to recover an additional sum for the loss of the use of the automobile during the interval between the time of its destruction and the time she was able to purchase another automobile.

Plaintiff alleged for her cause of action, in substance, that on or about the 14th day of March, 1937, her son, Harman Stroup, was driving her said automobile upon a public highway known as Camp Beauregard Road in Graves County, Kentucky, and while crossing the tracks of defendant's railroad at a public crossing on the highway the automobile became "stalled or hung" on the tracks of defendant company, and while so situated, although it was plainly visible to defendant's trainmen for about one-half mile before the train reached the crossing, defendant's employees and agents in charge of and operating the train carelessly struck and ran over her automobile and totally destroyed it. She further alleged that the automobile became stalled or hung on the railroad crossing because the defendant company had carelessly and negligently failed to maintain and keep their tracks at said crossing in proper repair. She prayed to recover of defendant the sum of $525 for the value of her automobile and $270 for the loss of the use of it.

By subsequent pleadings, not necessary to discuss herein, the issues were joined as indicated by the allegations of the petition, and upon trial of the case the jury returned a verdict in favor of the defendant, and from

the judgment entered dismissing plaintiff's petition, this appeal is prosecuted.

On the outset we are confronted with a motion to dismiss the appeal for various alleged reasons, one of which is that the appeal was not brought to this court within the time specified in Section 738 of the Civil Code of Practice. It appears that the judgment was rendered December 12, 1939, and the appeal granted by the Graves circuit court December 20, 1939. The record was filed with the clerk of this court October 28, 1940, asking the clerk to grant the appeal and issue summons for appellee, which was accordingly done, within less than two years after the judgment and granting of appeal in the circuit court. With respect to time of filing the record in this court, we think the appeal was brought in time.

No bill of evidence was prepared by the official court stenographer and filed with the record. It appears, however, that in March, 1940, plaintiff prepared a bill of evidence in narrative form and presented same to the court for approval, but the court refused to approve it because it did not know whether or not it was correct. We have before us only the pleadings and the instructions given to the jury, and all the instructions offered by the respective parties and refused by the court, all of which are by the court's order made a part of the record for the purpose of review on appeal.

It is insisted for appellant, however, that it was the duty of the trial judge to sign the bill of evidence in narrative form as presented by plaintiff, if it was correct, or if not correct then it was his duty to correct it, but that he had no right to arbitrarily refuse to either sign the bill or correct it. This is urged by plaintiff as one of the grounds of reversal, insisting that this court remand the case with directions to the judge of the trial court to sign the bill of evidence if correct, and if not, to make such corrections as may be necessary to conform to the correct substance of the evidence, and then approve it.

In Thompson v. Tyrie et al., 200 Ky. 741, 255 S. W. 526, it is held that under the provisions of the Code, supra, it is the duty of the trial judge when a bill of exceptions is tendered in time to immediately approve it, if it is correct, and if it is not correct, to perfect the same by making proper corrections and then sign it; that he has no discretion in the matter except to see that the bill

of exceptions as signed is correct, and if he arbitrarily refuses or fails to sign the same the remedy of the party filing the same is to apply to this court for mandatory order requiring him to do so. It is further held in that opinion that where such action is not taken it has been held by this court in Carter Coal Company v. Love, Adm'r, 173 Ky. 49, 190 S. W. 481, that if the trial judge arbitrarily refuses to permit counsel to make a part of the record, or to make a part of the bill of exceptions, his timely objections or exceptions to any ruling of the court, if he prepares bystanders' bill setting out the matter complained of as provided in Section 337 of the Civil Code of Practice, he may bring it to this court and file it as a part of the record.

In the present case plaintiff did not pursue either course pointed out above, but undertakes to appeal from the court's order refusing to approve the narrative bill tendered which is not even made a part of the record. In the order of April 1, 1940, sustaining defendant's objections to the approval of the alleged tendered bill, the court assigned the following reasons:

"(1) First because the evidence upon the trial of this case was taken down by the official court stenographer on the motion of the plaintiff, Mrs. Nell Stroup, and said plaintiff has refused to have said transcript made by said official stenographer of the evidence on the trial of this case, although plaintiff could have obtained said transcript in time for appeal.

"(2) Because the transcript tendered by the plaintiff of the evidence is not a complete transcript and because the Court, relying upon the fact that the official Court Stenographer took down the evidence in this case did not make notes of the evidence offered or introduced upon the trial of this case and the Court does not at this time have sufficient recollection to recall whether the bill of evidence tendered is correct or not."

It appears from the clerk's transcript of the proceedings that after the jury was empaneled on motion of the plaintiff by her attorney, the court's official stenographer was ordered to report the evidence in the case. After the appeal was granted on December 20, 1939, plaintiff was given various extensions of time in

which to prepare and file her bill of exceptions or evidence up to April 1, 1940, when the above order was entered. No reason is shown in the record why plaintiff did not have the court stenographer to copy and certify the evidence, except a statement in brief of plaintiff indicating that it was because of the cost of having the evidence copied. In the case of Sebree v. Rogers, 102 S. W. 841, 842, 31 Ky. Law Rep. 476, wherein a like question was involved, the court said:

"Stenographic reporters appointed by the court are public officials. They must serve litigants in the court who call for their service. It is a reasonably certain means of preserving the testimony and exceptions thereon; and while in a civil action the parties cannot be compelled to have the reporter act in a case, but may rely upon the trial judge's remembering the exceptions, so as to correct and sign the bill of exceptions, yet where either party has asked for the reporting of the case, and the reporter acts, the trial judge need not then keep notes of exceptions, but may rely upon the stenographer's notes, and in that event may refuse to sign any other bill of exceptions. This is what occurred at this trial. Appellant complains at the action of the trial judge as having been unwarranted and arbitrary. But we think he was acting clearly within the statute, and was justified in requiring the stenographic report to be used, especially if, upon an examination of the bill tendered by appellant, he found it to be unfair."

The record before us, viewed in the light of the authority, supra, convinces us that the trial court acted within its right in refusing to sign the alleged tendered narrative bill, or to even undertake to reform or correct it. Another reason assigned and urged for the dismissal of the appeal is that it is sought upon a partial transcript of the record without any schedule or notice of schedule as required by Section 737 and subsections thereto of the Civil Code of Practice. No schedule, notice of schedule, or other steps required by the Code, supra, appear in the record.

It has been repeatedly held by this court that a compliance with the Code, supra, is mandatory and when an appeal is presented on a partial transcript, failure to comply with the provisions of the Code, supra, is

grounds for dismissal of the appeal. Reiss v. Wintersmith, 241 Ky. 470, 44 S. W. (2d) 609; Sebree et al v. Henderson et al., 205 Ky. 524, 266 S. W. 53, and cases cited therein.

Other questions are raised and discussed in brief of appellant, but since we have determined that the appeal must be dismissed, it becomes unnecessary to pass upon other questions.

For the reasons stated, the appeal is dismissed.