## Sanitary Laundry Company v. Adams, By Next Friend, etc.

(Decided January 24, 1919.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

Master and Servant—Employment of Infant in Violation of Statute.—If a master employs a servant contrary to the provisions of the child labor law (sec. 331a, Ky. Statutes) he is liable for all damages sustained by the infant having a causal connection with his employment, and this liability is not relieved by the infant servant misrepresenting his age at the time of the employment, although the master believed such representations and engaged the servant in good faith upon that belief.

S. D. ROUSE for appellant.

SAMUEL W. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The question involved in this case is purely a legal one, and is whether an infant under the age of sixteen years may be estopped to insist that she was employed contrary to the provisions of the child labor law forbidding the employment of infants under sixteen years of age in certain employments. The particular law involved is subsection 9 of section 331a of the Kentucky Statutes.

The facts are that appellant (who was defendant below) is a corporation operating a laundry in the city of Covington, Kentucky. Some time in June, 1916, defendant employed appellee, Virginia Adams (who was plaintiff below) to work in its laundry. In August following plaintiff sustained injuries to one of her hands, which were inflicted by the machine at which she was working,

known as a mangle. She brought this suit by next friend against the defendant, seeking to recover damages for the injuries which she sustained, and upon trial recovered a judgment for $1,250.00, and complaining of it defendant prosecutes this appeal.

Plaintiff's pleading, as amended, alleged that she was under the age of sixteen years at the time she was employed, which allegation, as well as others charging liability, were denied, and by a separate paragraph it was alleged that plaintiff represented to defendant at and before the time she was employed that she was above sixteen years of age and that defendant relied upon such representations and but for which it would not have employed her, and these facts were relied on as constituting an estoppel. A demurrer was sustained to this paragraph, and the defense sought to be interposed thereby was denied throughout the trial. Upon this alleged error defendant chiefly relies to secure a reversal, for it is insisted that if plaintiff is denied the benefit of the plea of infancy because of her representations, defendant may avail itself of all defenses, including those of assumed risk and contributory negligence, which it insists are abundantly established by the testimony.

It has been held by all courts, so far as we are aware, that where a master employs an infant in contravention of a statute, and the infant sustains injuries proximately resulting from and having a causal connection with the employment, the master is liable and can not escape such liability through the intervention of any ordinary defenses available against adults, including the affirmative ones of contributory negligence, assumed risk, &c. Inland Steel Company v. Yedinak, 172 Ind. 423; Marion v. Lehmaier, 173 N. Y. 530; Iron, &c., v. Greene, 108 Tenn. 161; American Car, &c. Co. v. Armentraut, 214 Ill. 509; Perry v. Toser, 90 Minn. 431; Same, 101 Amer. St. R. 416; Sullivan v. Hanover Cordage Co., 222 Pa. St. 40; Sipes v. Mich. Starch Co., 137 Mich. 258; Leathers v Blackwell, &c., Tobacco Co., 144 N. C. 330; Same, 9 L. R. A. (N. S.) 349, and Louisville & Henderson Ry. Co. v. Lyons, 155 Ky. 396.

In the Lyons case, above referred to, this court had under consideration the effect of the employment of infants contrary to the provisions of our statute, *supra,* and, after considerable discussion in which cogent reasons for denying the defense are stated, summed up its conclusion by saying:

"We therefore hold that neither the doctrine relating to assumed risk or fellow servants or contributory negligence has any place in the application of this statute. The employer takes all the risk, the child none. It is true this construction makes the employer an insurer of the safety of the child, and so he should be. The lives and limbs of children are too valuable to be sacrificed in dangerous employments, and if an employer in violation of the statute engages the services of a child in such an employment, he must see to it that no harm comes to him, or if it does he must compensate him, in so far as money can do, for the injury inflicted."

The same construction had been given to the statute in the prior case of Casperson v. Michaels, 142 Ky. 314.

The court in the present case submitted to the jury only the issue as to whether plaintiff was under sixteen years of age at the time she was employed, and refused to submit any of the affirmative defenses relied on, upon the ground that plaintiff's representation as to her age did not through the doctrine of estoppel give defendant the right to rely upon such defense, and in support of the contention that this was error, the case of County Board of Education v. Hensley, 147 Ky. 441, is relied on.

In that case an infant who had all the appearances of being twenty-one years of age deeded to his vendee a tract of land, representing himself at the time to be above twenty-one years of age. He afterwards sought to avoid the deed and brought a suit to recover the land. Among the defenses interposed was one that he not only represented himself to be twenty-one years of age at the time he executed the deed and received the consideration therefor, but he stood by and saw his vendee erect a building upon the lot at a cost of $500.00 without objection or protest. It was shown that the infant had been engaged in business for himself for several years, and that he had bought and sold land. It does not appear that he offered to tender back the consideration, and under the circumstances this court held that he was estopped to avoid the deed. There are other cases from this court holding that under peculiar and similar circumstances to that case an infant would be estopped, especially if he had rendered himself unable to restore the consideration. But it does not necessarily follow that because this court in such cases, contrary to the general rule upon the subject, (22 Cyc. 512; idem, 610, 611) applies the doctrine of estoppel

to infants that a master may plead estoppel against his infant servant, who was employed contrary to statutory provisions, so as to obtain the benefit of defensive pleas which would have been applicable but for the infancy of the servant. To so hold would result in indiscriminate evasions of the statute and permit the parties to accomplish by indirection that which is expressly prohibited by the statute in furtherance of a wholesome public policy. The courts quite generally have declined to permit this to be done. LaBatt's Master and Servant, 2nd Edition, vol. 5, sec. 1903; Braasch v. Michigan Stove Co., 163 Mich. 652, 20 L. R. A. (N. S.) 500; American Car and Foundry Co. v. Armentraut, *supra;* Swift v. Rennard, 119 Ill. App. 173; Beauchamp v. Sturges & Burn Mfg. Co., 94 N. E. (Ill.) 204; Krutlies v. Bulls Head Coal Co., 249 Pa. 162; Same, 1915 F., L. R. A. 1882; DeSota Coal Mining and Development Co. v. Hill, 179 Ala. 186, and Sturges & Burn Mfg. Co. v. Beauchamp, 231 U. S. 320.

The law upon the subject as held by the great majority of cases is summarized in the section, *supra,* of LaBatt's Master and Servant, thus: "It is generally held that the right of action arising from a violation of these statutes is not affected by misstatements as to the minor's age. This might be put upon the ground that infants are not liable for torts connected with or growing out of their contracts, and that the doctrine of estoppel *in pais* is not applicable to them. . . . The courts, however, have not been inclined to allow misstatements of age by a minor as a defense to his action."

In the Beauchamp case, *supra,* before the Supreme Court of the United States, upon this point that court said: "It is urged that the plaintiff in error was not permitted to defend upon the ground that it acted in good faith relying upon the representation made by Beauchamp that he was over sixteen. It is said that, being over fourteen, he had at least attained the age at which he should have been treated as responsible for his statements. But, as it was competent for the state, in securing the safety of the young, to prohibit such employment altogether, it could select means appropriate to make its prohibition effective, and could compel employers at their peril to ascertain whether those they employed were in fact under the age specified. The imposition of absolute requirements of this sort is a familiar exercise of the protective power of government."

It would therefore seem that upon authority as well as upon reason the defense of estoppel herein urged could not prevail. There was sufficient evidence to authorize the jury to find that plaintiff was at the time of her employment under the prohibited age, and there is no serious criticism upon the size of the verdict, as indeed there could not well be, since plaintiff's hand is largely destroyed.

We would not be understood at this time as applying the principles herein announced to any case except to the specific one of a suit by an infant servant against his master to recover damages for injuries sustained by the infant while engaged in serving the master when he was within the prohibited age.

Wherefore the judgment is affirmed.