## Clark, by Next Friend v. Wells-Elkhorn Coal Company.

(Decided April 30, 1926. Rehearing denied, with modifications, June 18, 1926.)

### Appeal from Floyd Circuit Court.

1. Master and Servant—Acceptance of Workmen's Compensation Act Held Defense to Action for Minor's Injuries, Unless Employment was in Willful Violation of Statute (Ky. Stats., Sections 331a-9, 4892, 4911).—In action under Ky. Stats., section 331a-9, for injuries to one, alleged to have been employed by defendant, when less than 16, without his parents' consent, court erred in striking from answer paragraph alleging parties' acceptance of Workmen's Compensation Act, and submitting to jury only issue of plaintiff's age, in view of sections 4892, 4911, unless employment was in willful violation of child labor statute.

2. Evidence—Certificate of Injured Employee's Father Held Inadtion for injuries to employee, certificate of plaintiff's father held missible to Prove that he was Over 16 when Employed.—In acincompetent as substantive evidence that plaintiff was over 16 when employed, not being admission by plaintiff or any one authorized by him.

3. Evidence—Admissions by one occupying fiduciary relation to another are not admissible against latter, except to contradict fiduciary's testimony after laying proper foundation.

4. Master and Servant—Striking Pleas of Assumed Risk and Contributory Negligence in Suit for Injuries to Minor Found Over Prohibited Age, Held Error.—In action for injuries to one alleged to have been employed by defendant when under 16 without his parents' consent, court erred in striking pleas of assumed risk and contributory negligence after striking defense of parties' ac-

ceptance of Workmen's Compensation Act, without which such pleas would be available if jury found that plaintiff was over 16 when employed.

5. Appeal and Error—Appellee was Not Deprived of Right to Rely on Errors Against it by Interlocultory Orders Striking Certain Defenses.—Appellee was not deprived of right to rely on errors against it by interlocultory orders striking certain of its defenses, as it could not appeal from such orders nor from final judgment in its favor.

6. Appeal and Error.—To save errors against appellee in case judgment placing no obligation on it is reversed, cross-appeal is unnecessary.

7. Master and Servant—Employment Must have been in Wiilful Violation of Child Labor Act to Impose Obligation of Insurer on Employer, Sued Under Statute Instead of Common Law (Ky. Stats., sections 331a-9, 4911).—Rule in strictly common law action for injuries to employee that employer is insurer of safety of child employed in violation of Child Labor Act does not prevail, in action under Ky. Stats., section 4911, unless employment was in willful violation of statute.

8. Appeal and Error—Admission of Father's Certificate as to Injured Son's Age when Employed by Defendant Held Prejudicial Error, Though Case was Tried Solely on Issue of His Age (Ky. Stats., Sections 331a-9, 4911).—Since father's certificate as to injured employee's age would be admissible as substantive testimony, in action under Ky. Stats., section 4911, on issue whether employment was in willful violation of Child Labor Act, though plaintiff was within prohibited age, court committed prejudicial error in admitting certificate in common law action, even if properly tried solely on issue of employee's age.

9. Exceptions, Bill of.—Order reciting that bill of exceptions was tendered, indorsed by clerk and marked examined and approved by judge on last day of filing it, and filing bill as of such date, held sufficient.

MAY, ALLEN & MAYO for appellant.

A. B. COMBS and B. F. COMBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, Bluford Clark, whom we will call the plaintiff, sought by this litigation to recover damages for personal injuries sustained while working for appellee, whom we will call the defendant. He was unsuccessful, hence this appeal. His injuries were received under these circumstances: The defendant operates a coal mine and had employed the plaintiff. The plaintiff and others were then engaged in driving an entry. This

entry was being driven from both ends. Plaintiff and his brother were at work in one end of this entry, and other workmen were at work in the other, and as they worked, they constantly approached each other. They were nearer together than any one thought they were. On July 29, 1921, a blast set off by workmen in the other end of the entry, blew through, and struck and injured plaintiff. For this injury plaintiff sued, alleging that the defendant had negligently employed this plaintiff to work in this mine and at this place, when he was less than 16 years of age, without having obtained the con- sent of his parents, and without obtaining the decision of the county physician or county health officer that such occupation was not dangerous. Evidently, this petition was drawn under section 331a-9, Kentucky Statutes.

Defendant's answer contained four paragraphs. The first was a general denial; the second, a plea of assumed risk; the third, a plea of contributory negli- gence, and the fourth plead that both it and the plaintiff had accepted the provisions of the Workmen's Compen- sation Act.

During the course of the trial, the court, upon motion of counsel for plaintiff, struck from the answer para- graphs two, three and four, to which defendant objected and excepted, and we think the court erred in doing so for the reasons hereinafter appearing. The only issue submitted to the jury by the court's instructions was whether plaintiff was under sixteen years of age at the time he was employed and at the time of the accident; and the jury found for the defendant on that issue, thereby determining that plaintiff was over the pro- hibited age and that defendant did not violate the child labor statute when it employed him. It will thus be seen that the theory upon which the court tried the case elimi- nated entirely from its consideration the acceptance by the parties of the Workmen's Compensation Act. If they had accepted that act, as paragraph four of the answer averred they had done, then this common law action entirely ignoring that act could not be maintained by plaintiff, unless defendant employed him "in wilful and known violation" of the child labor statute. See section 4911 of our statutes, being section 5 of our Work- men's Compensation Act, and cases post. Under the provisions of that section and those of section 4892 of the same statutes this character of action is forbidden although plaintiff was under sixteen years of age at the

time he was employed, unless the employment was in wilful and known violation of the statute regulating the employment of miners. If the employment was not so made plaintiff is relegated to his rights under the Compensation Act if his employer and himself had duly accepted it. Frye's Guardian v. Gamble Brothers, 188 Ky. 283, 221 S. W. 870, and Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202. On the trial, which was conducted upon the theory hereinbefore stated, the court, over the objections of plaintiff, permitted defendant to introduce a certificate from plaintiff's father, by whom he prosecutes this action as his next friend, saying:

"Lackie, 4/18, 1921. Wells-Elkhorn Coal Co., Lackie, Ky.

"This is to certify that I am the father of Bluford Clark and that he is 17 years of age, being born on the 16th day of March.

"I further certify that you have my permission and consent to employ said Bluford Clark to work in and about your mines.

"THEODORE CLARK."

Evidently the only purpose of that evidence, upon the theory that the case was tried, was to prove that plaintiff was above the prohibited age, but it was prejudicial error to admit it for that purpose, because it was incompetent as substantive evidence to prove that fact, since it was not an admission by plaintiff or by anyone authorized to make it for him. Such admissions made by one occupying a fiduciary relation to another are not receivable as evidence against the latter, except for the purpose of contradicting the fiduciary if he testifies in the case and proper foundation has been laid, which was not done in this case. Neff v. City of Cameron, 213 Mo. 350, 111 S. W. 1139; 127 Am. St. 606, 18 L. R. A. (N. S.) 320, and Miss. Cen. R. Co. v. Pillows, 101 Miss. 527, 58 So. 483. If the parties had not accepted the Compensation Act then the only issue in the case after striking pleaded defense from the answer, was the one submitted by the court under its theory of the case, and which was the correct one if plaintiff was under 16 years of age, and had there been no question of the acceptance of the Compensation Act. But without such acceptance the defenses of assumed risk and contributory negligence would be available to defendant if the jury had found that plain-

tiff was above the prohibited age at the time he was employed and injured.

Defendant is not deprived of relying upon the errors committed against it at and during the trial by the interlocutory orders *supra*, since it could not appeal from them as and when made (Wilhelm v. Hendrick, 177 Ky. 296, 197 S. W. 836); nor could it appeal from the final judgment which was in its favor, and to save them upon another trial, in case the judgment should be reversed, it was not incumbent upon it to obtain a cross-appeal in this court, since such cross-appeals can be maintained only when the effect of the final judgment is to place some obligation on appellee.

In a strictly common law action where the parties never accepted the Compensation Act the employer is an insurer of the child's safety if it was employed in violation of the Child Labor Act (Sanitary Laundry Company v. Adams, 183 Ky. 39, 208 S. W. 6), but, as we have seen, the rule does not prevail to that extent in such an action brought pursuant to the provisions of 4911 *supra*, for in such cases the employment must have been in wilful and known violation of the statute in order to impose the high obligation of insurer. In that character of issue the certificate, *supra*, of the father in this case would be competent and admissible as substantive testimony on the issue as to whether the employment was in ''wilful and known violation'' of the statute, notwithstanding the plaintiff may have been within the prohibited age. The certificate in that case would be extremely pertinent on the issue as to whether the employment was knowingly and wilfully done in violation of the statute. We, therefore, see that the court erred to plaintiff's prejudice even if the case was one that should be confined exclusively to the theory upon which the court tried it, and for that reason the judgment must be reversed, and upon the next trial it should be practiced as herein indicated.

A motion has been made by defendant to strike the bill of exceptions, because, as he says, it was not filed in time. The last day for filing a bill of exceptions was March 20, 1924. On that day, the plaintiff tendered and offered to file his bill of exceptions, and it was so endorsed by the clerk upon the bill. The judge then marked it examined and approved, but no order was then made on the order book, but on March 28, 1924, the court did make an order reciting these facts and fillng the bill as of date March 20, 1924. This was sufficient. The mo-

tion to strike the bill is overruled. Washington Life Ins. Co. v. Menifee's Exr., 107 Ky. 244, 53 S. W. 260, 21 R. 916; Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779.

Wherefore, the judgment is reversed, with directions to grant the plaintiff a trial and for proceedings consistent with this opinion.