# Wynn Coal Company v. Lindsey.

(Decided June 11, 1929.)

VERT C. FRASER and J. C. CANNADAY for appellant.

RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

While engaged in coupling cars at the tipple of the Wynn Coal Company, James Lindsey, an infant 14 years of age, was struck by a car and his arm broken. In this action for damages brought by him through his mother as next friend he recovered a verdict and judgment for $1,250. The coal company appeals.

The first ground urged for a reversal is that the court erred in sustaining the demurrer to paragraph 2 of the answer. This paragraph pleaded, in substance, that plaintiff appeared to be more than 16 years of age;

that he represented to the coal company that he was over that age; that the company, relying on the statement and believing in good faith that he was over 16 years of age, employed him; and that by reason thereof he was estopped to deny that he was over 16 years of age. The statute prohibits the employment of any child under the age of 16 years to work in any capacity in, about, or in connection with, any mine, coke oven or quarry. Section 331a9, Kentucky Statutes. The statute was designed to protect the lives and limbs of children of tender years. Were the employer permitted to rely on the representations made by an infant concerning his age the purpose of the statute would be defeated. Therefore we have uniformly ruled that in the employment of an infant, the master acts at his peril, and if he employs a child in violation of the statute he is liable for all damages sustained by the child having a causal connection with his employment, and this liability is not relieved by the infant's misrepresenting his age at the time of the employment, though the master believed such representation and engaged the servant in good faith upon that belief. Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Blanton v. Kellioka Coal Co., 192 Ky. 220, 232 S. W. 614. It follows that the plea of estoppel was not available, and that the court did not err in so holding.

Another contention is that the court erred in holding that paragraph 3 presented no defense. It was alleged in that paragraph that Fannie Crenshaw, plaintiff's mother, knowingly suffered and permitted him to be employed in violation of the statute, and was therefore estopped to prosecute the action. It is true that we held in Kentucky Utilities Co. v. McCarty's Admr., 169 Ky. 38, 183 S. W. 237, that, where an infant was killed as the result of his employment in violation of the statute, no recovery could be had for the benefit of a parent who knowingly suffered or permitted the employment. But the rule there announced is not applicable here. The infant's father is dead, and in the petition his mother, Fannie Crenshaw, expressly waived her claim against the company, and as next friend sought a recovery solely for the benefit of the infant for time lost and pain and suffering endured by him. This she had the right to do (Louisville, H. & St. L. R. Co. v. Lyons, 156 Ky. 222, 160 S. W. 942), and, not being interested in the recovery, the fact that she knowingly suffered and

permitted the infant to be employed in violation of the statute is not available as a defense against the infant.

In paragraph 4 of the answer the company pleaded that both it and the plaintiff had accepted the provisions of the Workmen's Compensation Act (Acts 1916, c. 33, as amended), and that after the accident plaintiff, with the advice and consent of his mother and with the assistance of his attorney, filed claim for the injuries; that said claim was allowed, and the company's insurer paid to plaintiff and plaintiff's attorney the sum of money due plaintiff under the provisions of the law; that plaintiff, with the advice and counsel of his attorney, and consent of his mother, accepted the money and cashed the insurer's check for the amount due for the injury; that by reason thereof, and because of his election to accept the amount due him under the provisions of the Workmen's Compensation Law, plaintiff was estopped to prosecute this action. Both at the time of his employment and at the time of his injury the infant plaintiff was under 16 years of age, and it is not claimed that he procured his employment upon the written certification of his parent, guardian, or one having legal authority over him, that he was over 16 years of age. That being true his acceptance did not bring him under the provisions of the Workmen's Compensation Act. Elkhorn Seam Colleries Co. v. Craft, 207 Ky. 849, 270 S. W. 460. But if we go further and assume that he was employed in willful and known violation by the employer of the statute in question it appears that he had no guardian at the time. The mere fact that the claim under the Compensation Act was filed with the advice and consent of his mother, and with the assistance of his attorney, and that an indefinite and uncertain amount was paid to plaintiff and plaintiff's attorney, cannot be regarded as a binding election on the part of plaintiff. In the circumstances neither his mother nor the attorney had the right to act for him. Interstate Coal Co. v. Trivett, 155 Ky. 825, 160 S. W. 728; Ambrose v. Graziana, 197 Ky. 679, 247 S. W. 953. Not only so, but for the same reason the alleged settlement was not good as an accord and satisfaction, and for the further reason that the allegation that defendant's insurer paid plaintiff and plaintiff's attorney the sum of money due plaintiff under the terms and provisions of the law and that he cashed the insurer's check for the amount due for his injury, without stating the amount due under the law,

or the amount that was paid, was a mere conclusion of the pleader.

Lastly, it is insisted that the verdict of $1,250 was excessive. This position is based on the ground that only the radius of the forearm was broken, that the fracture did not result in any deformity or disability, and that the boy fully recovered after a lapse of five or six weeks. The arm was broken on April 30th and was kept in a sling until the 1st of June. Even after it was taken out of the splints it continued to hurt. On the day of the trial he stated his arm still bothered him, and that one of his fingers was a little stiff and burned when he bent it. Taking into consideration the time the boy lost, the pain and suffering that he must have endured, we are not prepared to say that the verdict was so excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.