## Ousley v. Hope Engineering & Supply Company et al.

(Decided June 19, 1931.)

EDWARD L. ALLEN and A. J. MAY for appellant.

JAMES & HOBSON and HOWARD & MAYO for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant brought this suit against the appellees for personal injuries which he asserted he had sustained while in their employ. He grounded his action under the provisions of section 331a-9 of the Statutes, upon the claim that at the time of his employment and injuries he was under sixteen years of age and had been employed by the appellees in willful and known violation of the child labor law. He alleged that the appellees were digging a ditch for the purpose of laying a pipe line and that where that ditch crossed a creek, they put him to work bailing water out of that ditch, in the doing of which he became overheated and chilled, whereby he was made, as he claims, very ill. At the close of his evidence, the court peremptorily instructed the jury to find for the appellees, and from the judgment entered on that verdict, this appeal is prosecuted.

We are of opinon that the action of the trial court in peremptorily instructing the jury as it did was correct.

Section 4911 of the Statutes, so far as pertinent, provides:

"In case any minor employee who is injured or killed is, at the time of such injury, employed in wilful and known violation by the employer of any law of this state regulating the employment of minors, his statutory guardian or personal representative of the minor so killed, may claim compensation under the terms of this act or may sue to recover damages as if this act had not been passed. Provided, however, that in case a minor under sixteen years of age who procures his employment upon the written certification by his parent, guardian or one having legal authority over him, as provided in section eleven of this act, that he is over sixteen years of age, his parents, statutory guardian or personal representative of a minor who is killed cannot elect to claim either compensation under the terms of this act or sue to recover damages as if this act had not been passed, but he must rely upon his claim, if any he has, for compensation under the terms of this act."

In the case of Clark v. Wells-Elkhorn Coal Co., 215 Ky. 128, 284 S. W. 91, 92, in construing this section, we said:

"It will thus be seen that the theory upon which the court tried the case eliminated entirely from its consideration the acceptance by the parties of the Workmen's Compensation Act. If they had accepted that act, as paragraph 4 of the answer averred they had done, then this common-law action entirely ignoring that act, could not be maintained by plaintiff, unless defendant employed him 'in willful and known violation' of the child labor statute. See section 4911 of our Statutes, being section 5, of Laws 1924, c. 70, amending our Workmen's Compensation Act, and cases post. Under the provisions of that section and those of section 4892 of the same Statutes, this character of action is forbidden, although plaintiff was under 16 years of age at the time he was employed, unless the employment was in willful and known violation of the statute regulating the employment of minors. . . . In a strictly common-law action where the parties never accepted the Compensation Act the employer is an insurer of the child's safety if it was employed in violation of the Child Labor Act (Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6); but, as we have seen, the rule does not prevail to that extent in such an action brought pursuant to the provisions of section 4911 supra, for in such cases the employment must have been in willful and known violation of the statute in order to impose the high obligation of insurer."

In the instant case, appellant's own evidence disclosed that he and appellees were operating under the Workmen's Compensation Act. He admitted that he had signed the Compensation Register and there is no plea of fraud or mistake as to his signing it. It is true that his parent or guardian had not signed the certificate mentioned in section 4911, supra; but their failure to do so simply gave to the appellant the right to elect to sue at common law in the event he had been employed in willful and known violation of law. As appellant could not bring this common-law action for any injuries he received arising out of and in the course of his employment unless he had been employed in willful and known violation of law, he was under the duty to produce some evidence

to show that fact. This he failed to do. It is not shown that the appellees knew his actual age. In fact, he was just short of sixteen years of age, which, had he been, would have removed every element of illegal employment upon which appellant bases his claim. He weighed 155 pounds and had been, as he admits, shaving for at least six months. The record does not disclose actually how tall he is, but inasmuch as he states he was standing in the ditch which was 40 inches deep, and that the sides of it came up a little past his waist, we can get some idea of his height. Of course, the court and jury saw him in court and knew what it actually was. There is nothing in the record to show that appellees had any inkling that appellant was a minor under sixteen years of age at the time they employed him, or that it willfully and knowingly employed him as a minor in the occupations forbidden by the statute for minors under sixteen years of age. There being a failure of proof to show that appellant was employed in willful and known violation of law by the appellees, the court properly instructed the jury to find for them.

The judgment is affirmed.