## Hooven & Allison Co. v. Cox's Adm'r.

(Decided April 23, 1937.)

ROUSE & PRICE, CHARLES S. ADAMS and HARRY B. MACK-OY for appellant.

SAWYER A. SMITH and L. S. SHEPLER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is the second appeal of this case. Cox's Adm'r v. Hooven & Allison Co., 250 Ky. 690, 63 S. W. (2d) 914. Edna Cox, a sixteen year old girl, was employed by appellant, the Hooven & Allison Company, at its plant in Covington, Ky., where it manufactured twine and cord. On April 8, 1927, decedent was found unconscious and suffering from a fractured skull, with her sweater caught either in the flywheel or in what

is known in the record as a "flyer" of a machine which she at the time was employed to operate. For several months prior to the time of the accident, decedent had operated a machine known as a "former," which was apparently similar to the machine by which she was killed, although less complicated. According to the testimony of the foreman, he transferred decedent from the "former" to the "twister" at her own request, and she had been operating the "twister" for possibly as much as thirty minutes when her sweater was caught and she was so severely injured as to die twelve days later.

The appellant company at the time of the accident was working under the provisions of the Workmen's Compensation Act (Ky. St. sec. 4880 et seq.). This common-law action, however, was filed by the administrator of Edna Cox pursuant to the provisions of section 4911 of the Kentucky Statutes, providing that, where a minor is employed in willful and known violation of any state law regulating the employment of minors, the guardian or personal representative of the infant may elect to sue as though the Compensation Act had not been passed. In response to the allegations of the petition, in which it was set out that decedent was employed to work upon a machine which was palpably dangerous and which was not properly guarded, in willful and known violation of the laws of this state, the defendants answered with a traverse and also with a plea to the jurisdiction of the court on the ground that the matter was one exclusively within the jurisdiction of the Workmen's Compensation Board. Appellee, by reply and in avoidance of the plea to the jurisdiction, relied on the provisions of section 331a-10 and 331a-12 of the Statutes as forming a basis for the claim of willful and known violation of the law by the employer. The trial court sustained a demurrer to this reply, and on appeal its judgment was reversed on the ground that the plea was sufficient under section 331a-12, providing:

"No female under twenty-one years of age shall be employed, permitted or suffered to work in any capacity in this Commonwealth, where such work compels her to remain standing constantly."

Upon the return of the case to the circuit court, the appellant moved the court to try first the question

of "willful and known violation of law" in order to ascertain its jurisdiction in the premises before proceeding to a trial on the merits before a jury. This motion was sustained, and the court heard evidence from which it concluded that decedent was required to remain standing constantly, in violation of section 331a-12, and that the personal representative therefore had the right to elect, under section 4911 of the Statutes, whether he would proceed under the Compensation Law or bring an action at law. Appellant attacks this ruling at the outset. While the evidence was conflicting, we are of the opinion that it was sufficient to justify the decision of the trial court and that the decedent was required to remain standing substantially all of the time while she was engaged in operating the machine which brought about her death.

A more serious question is presented by appellant's objection to the admission of evidence regarding the violation of section 331a-12 on the trial of the action before a jury. If the evidence was not admissible, then its admission was clearly a material error, for the effect of it would necessarily be to prejudice the jury against the appellant. In the case at bar the decedent had operated the machine on which she was killed only about thirty minutes. The fact that she was required to remain standing, in violation of section 331a-12, could not conceivably have contributed to bring about her injury even though the illegal employment authorized an election to sue at common law under section 4911 of the Statutes. This court is committed to the view that when an infant is injured through the occurrence of one of the dangers against which our Child Labor Statutes (Ky. St. sec. 331a-1 et seq.) are designed to protect him, the employer who has suffered him to be subjected to this risk is liable even though the violation of the law furnished merely the *occasion* for the injury and was not technically its proximate cause. Thus, in Smith's Adm'r v. National Coal & Iron Co., 135 Ky. 671, 117 S. W. 280, 281, where a boy under fourteen years of age was employed in a mine in violation of a statute then in force and was injured while riding on some cars loaded with coal, the court referred to the principle that where a statute prohibits a thing for the benefit of a person, he may maintain an action to recover damages sustained by reason of the violation of the statute, and said:

"We see no reason why this principle should not be applied to infants who are injured when employed in violation of the statute, for manifestly the purpose of the statute is to protect infants from the dangers attending the forbidden employments, which by reason of their youth they would not fully appreciate. While there is some conflict in the authorities, the weight of authority seems in favor of the rule that the breach of the statute is actionable negligence whenever it is shown that the injuries were sustained in consequence of the employment."

A similar conclusion was reached in Louisville, H. & St. L. R. Co. v. Lyons, 155 Ky. 396, 159 S. W. 971, 48 L. R. A. (N. S.) 667; Casperson v. Michaels, 142 Ky. 314, 134 S. W. 200; and in Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237. In Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Blanton v. Kellioka Coal Co., 192 Ky. 220, 232 S. W. 614; and Wynn Coal Co. v. Lindsey, 230 Ky. 53, 18 S. W. (2d) 864, the rule is stated that if one employs a child in violation of the statute, he is liable for all damages sustained by the child having a causal connection with his employment. As thus stated, it is obvious that the employer is not an insurer of the safety of the child from every injury that may occur while the child is employed. In all of the cases to which we have been referred, the injury resulted from a danger incident to the illegal employment itself. In the case at bar there was nothing intrinsically wrong about employing a minor to operate one of these machines. The wrong consisted in permitting females under twenty-one years of age to remain standing constantly even though the employment was legitimate. Obviously, the purpose of section 331a-12 is to protect the health of female infants, and the danger which here resulted in the injury to decedent was in no way connected with whether she was required to stand constantly or not. We think the correct rule is thus stated in 39 Corpus Juris, 300, sec. 427:

"Where a minor sustains injuries in the course of his duty, the unlawful employment is ordinarily regarded as in itself the proximate cause of the injury; however, the employer is not, as matter of law, chargeable with all injuries that result during

the unlawful employment. He is only liable for those injuries against which the statute is intended to guard, or for injuries that naturally and probably, or reasonably and naturally, follow the statute's violation.''

Clearly, the mere fact that the injury occurred during the unlawful employment is not alone sufficient to authorize a recovery. It must result from a danger against which the statute may reasonably be said to be directed before recovery on this ground alone may be had. The negligence of the employer, apart from the violation of the statute, is, of course, another question.

We conclude, therefore, that the court improperly admitted evidence of the alleged violation of section 331a-12 on the trial before the jury and improperly instructed the jury on this phase of the case. Having determined that the violation of section 331a-12 gave it jurisdiction to try the action, the question was no longer pertinent, under the circumstances here presented, to a final conclusion on the merits.

It results from what we have heretofore said that the judgment cannot be allowed to stand. Other questions are argued which we do not deem it necessary now to determine, and they are reserved.

Judgment reversed.