## Caldwell et al. v. Jarvis.

Jan. 26, 1945.

Davis, Boehl, Viser & Marcus, J. A. Flowers, Parker .W. Duncan and Clay & Clay for appellants.

B. J. Bethurum and L. C. Lawrence for appellee.

Opinion of the Court by Chief Justice Tilford— Reversing.

The appellee administrator recovered a judgment against appellants for $8000 "for the benefit and use of Ruby Jarvis, mother of Eugene Jarvis." Eugene Jarvis, an infant under sixteen years of age, was killed on the day following his employment by appellants who were operating under the provisions of the Workmen's Compensation Act, KRS 342.001 et seq.; and on this appeal numerous questions of law and fact are raised, the first of which, in importance, is whether appellants were entitled to a directed verdict because the employment of the infant, though forbidden by the Child Labor Act, was not shown to have been in "willful and known" violation of the law.

In order to present this question expeditiously it should be stated that appellants operated a stone quarry;

that KRS 339.120 forbids the employment of an infant under sixteen years of age "in, about or in connection with any mine, coke oven or quarry;" that the infant had the appearance of an eighteen year old boy and represented himself to be of that age at the time he solicited the employment and signed the compensation register, although he lacked two months and ten days of being sixteen; and that appellants acted in good faith in accepting the boy's statement but failed to procure a certificate as to his age. The Statutes, the interpretation of which are determinative of the question, are KRS 342.065 and KRS 342.170 which read, with the exception of the form set forth in Section 342.065 as follows:

342.065. "A minor sixteen years of age or over or a minor under sixteen years of age who has procured his employment upon the written certification of his parent, guardian or one having legal authority over him that he is over sixteen years of age shall be considered sui juris for the purposes of this chapter, and no other person shall have cause of action or right to compensation for his injury or death for loss of service on account thereof, by reason of the minority of such employe. If a lump sum of compensation is made to such minor employe, payment shall be made to his guardian. Such certificate shall be in form as follows: * * * Identification of such signature of the parent, guardian or person having legal authority over such minor employe shall constitute conclusive proof of such procurement of his employment in any hearing or proceeding in which it is material or in issue."

342.170. "If any minor employe is injured or killed while being employed by the employer in willfull and known violation of any law of this state regulating the employment of minors, the statutory guardian or personal representative of the minor may claim compensation under this chapter or may sue to recover damages as if this chapter did not exist. But if a minor under sixteen years of age who has procured his employment upon written certification that he is over sixteen years of age, as provided in KRS 342.065, is killed, his parents, statutory guardian or personal representative may not sue to recover damages, but must rely on his claim, if any, for compensation under the terms of this chapter. If a claim for compensation is made under this section, the making of such claim shall be a waiver and bar to all rights of action on account of

that injury or death as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and bar of all rights to compensation under this chapter.''

Appellee contends that the failure of an employer to secure the age certificate described in KRS 342.065 deprives him of any protection which the Workmen's Compensation Act, if he was operating thereunder, would otherwise afford him; that under such circumstances the question whether the employer wilfully and knowingly violated the Child Labor Law in thus employing the infant is wholly irrelevant; and that the infant and his representatives are thus freed of all restrictions which the Workmen's Compensation Act imposes. He bases this contention on decisions of this Court rendered prior to the enactment of the Workmen's Compensation Act, to the effect that one employing an infant in prohibited occupations without procuring the certificates then required, not only acts at his peril in relying on the statements of the infant as to his age but becomes in effect an insurer of the infant's safety. Also, he relies in part on three cases decided since the enactment of the Workmen's Compensation Act, namely, Wynn Coal Co. v. Lindsey, 230 Ky. 53, 18 S. W. 2d 864; Cox's Adm'r v. Hooven & Allison Co., 250 Ky. 690, 63 S. W. 2d 914; and Hooven & Allison Co. v. Cox's Adm'r, 268 Ky. 266, 104 S. W. 2d 969; but only the first of the three cases supports his conclusions. Since the statutory provisions on which the earlier decisions were partially based must necessarily be harmonized with the provisions of the Workmen's Compensation Act, which, through its protection of all classes of employees, regardless of the common law rules of negligence, has removed in part at least the motives for the severity of the early opinions, we could not regard such opinions as controlling of the question under consideration, even though this Court had not in several decisions since the enactment of the Workmen's Compensation Act disregarded them. A reading of the opinions in the cases of Cox's Adm'r v. Hooven & Allison Co. and Hooven & Allison Co. v. Cox's Adm'r, supra, will disclose that they do not sustain appellee's contention. Thus, of the cases relied on, only Wynn Coal Co. v. Lindsey, supra, remains to be considered. There, the Coal Company had employed Lindsey an infant fourteen years old, without procuring a certificate as to his

age. He sustained an injury during the course of his employment, and, through his mother as next friend, sued at law to recover damages. The Company defended on the ground that the infant appeared to be, and stated, that he was over sixteen at the time of his employment; that the Company had acted in good faith in accepting his statement; that he had elected to proceed under the act by accepting compensation thereunder; and that by reason of these facts, he was estopped from maintaining the action. In denying these defenses, this Court employed language which, it must be admitted, is susceptible to the construction that the failure of the Coal Company to procure the age certificate deprived it of any protection which the Act would otherwise have afforded it. The case of Elkhorn Seam Collieries Co. v. Craft, 207 Ky. 849, 270 S. W. 460, cited in the opinion under discussion, throws no light on the present inquiry, since no question as to the employer's good faith appears to have been raised. It would be possible to distinguish the case of Wynn Coal Co. v. Lindsey from the case at Bar by pointing out that the crucial question there was the effect of the infant's acceptance of compensation under the Act, and that the suit was brought by the infant to recover damages for his injuries, whereas, the present action was instituted by the infant's administrator to recover damages for his death; but such a distinction would at best be a tenuous one. Moreover, the Wynn case cannot be so distinguished from the case of Ousley v. Hope Engineering & Supply Co. et al., 239 Ky. 714, 40 S. W. 2d 331, 332, since that action was likewise brought by the infant to recover for his personal injuries and it was expressly held that the failure of the employer to procure the age certificate mentioned in KRS 342.065 simply gave the infant, who had been employed when under sixteen years of age in violation of the Child Labor Law, the right to elect to sue for damages in the event he had been employed in wilful and known violation of that law. The Court further said:

"As appellant could not bring this common-law action for any injuries he received arising out of and in the course of his employment unless he had been employed in willful and known violation of law, he was under the duty to produce some evidence to show that fact. This he failed to do. It is not shown that the appellees knew his actual age. In fact, he was just short

of sixteen years of age, which had he been, would have removed every element of illegal employment upon which appellant bases his claim. * * * There is nothing in the record to show that appellees had any inkling that appellant was a minor under sixteen years of age at the time they employed him, or that it willfully and knowingly employed him as a minor in the occupations forbidden by the statute for minors under sixteen years of age. There being failure of proof to show that appellant was employed in willful and known violation of law by the appellees, the court properly instructed the jury to find for them.''

It would seem that the Court in its opinion in the case of Wynn Coal Co. v. Lindsey, supra, failed to consider the scope and effect of the language employed in KRS 342.170. It would be unjust indeed to permit parents who had made false statements as to the ages of their children to receive compensation under the Act for their death, thus making the Act binding on the employer though the children were in fact under sixteen years of age, and at the same time deny the protection of the Act to innocent employers on the theory that because they had failed to procure age certificates, the infants were not operating under the Act. Moreover, the conclusion which best accords with reason and justice is that the good faith of the employer should protect him rather than the parental certificate, since it would frequently be easier to obtain the latter than to successfully simulate the former; from which it wholesomely follows that the obtention of such a certificate would not protect the employer if it could be shown by the infant that he knew or had reason to believe that it was false.

KRS 342.170 makes no distinction between infants under sixteen who have furnished certificates and those who have not in conferring upon them the right to sue at law those employers who employed them in wilful and known violation of the Child Labor Laws. True, the right to sue for the death of an infant who was under sixteen at the time of his employment is denied if the employment was procured upon the written certification mentioned in KRS 342.065; but nowhere is the protection afforded good faith employers by their implied exclusion from the class who may be sued modified by their failure to procure the certificate referred to. In short, the failure of an employer operating under the

Workmen's Compensation Act to procure such a certificate does no more than subject him to an action for damages in which a recovery may be had in the event, and only in the event, it is shown that his act in employing the infant was in wilful and known violation of the Child Labor Laws.

We therefore regard as overruled so much of the opinion in the case of Wynn Coal Co. v. Lindsey, supra, as holds that an infant employed under the Workmen's Compensation Act while under sixteen years of age without having furnished a certificate that he had attained that age can sue his employer at common law to recover damages for injuries sustained during the course of his employment, regardless of whether he was employed by the employer in wilful and known violation of the law regulating the employment of minors. See also Clark v. Wells-Elkhorn Coal Co. 215 Ky. 128, 284 S. W. 91, which, though not strictly in point and decided prior to the Ousley case, supports the views herein expressed as to the effect of the words "willful and known" as employed in KRS 342.170.

The only evidence tending to show that appellant had knowledge that Jarvis was not as old as he represented himself to be was the testimony of "Uncle" Lee Stockton, a 75 year old employee of the Company. After appellants had proven that the Company had no reason to doubt Jarvis' statement that he was 18 years old, Stockton was introduced in rebuttal to contradict the denial of Henry Tevis, the superintendent of the quarry, that Stockton had informed him before Jarvis had been employed that Jarvis was "under age." Questioned relative to his alleged conversation with Tevis, Stockton answered, "Yes, before he (Jarvis) was employed we had a conversation and I told him (Tevis) that he was under age." This was by no means equivalent to a statement that the witness had informed Tevis that the infant was under 16, and we are compelled to hold that appellee failed to make the requisite showing that appellants employed Jarvis in "willful and known" violation of the Child Labor Law. It follows that the Court should have sustained the appellants' motion for a directed verdict.

In view of the fact that at a succeeding trial appellee may establish a right to go to the jury on the issue heretofore discussed, it becomes necessary to de-

termine the propriety of the instructions given. If the proof as to the knowledge which the infant's father had of his son's employment by appellants is the same, the father's right to share in the recovery should not be submitted to the jury. See Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183, S. W. 237. The issue as to the mother's knowledge of the illegal employment should be submitted to the jury instead of determined by the Court in her favor. The jury should further be instructed that if they should find she did not have such knowledge, nevertheless they could award her no more than $5000 representing one-half of the amount claimed in the petition.

In view of the possibility of another trial, it is proper to state that the evidence in our opinion did not establish that Eugene Jarvis was guilty of contributory negligence as a matter of law, as insisted by appellants, and also that appellee is incorrect in his insistence that the defense of contributory negligence was not available to appellants, and hence should not have been submitted to the jury. Regardless of the rule in actions by infants to recover damages for their injuries, the defense of contributory negligence may be made to an action brought by an administrator of an infant's estate to recover damages for the infant's death. See Armstrong's Adm'r v. Sumne & Ratterman Co., 211 Ky. 750, 278 S. W. 111.

Appellee's motion to strike the Bill of Exceptions because the official stenographer failed to prepare and file with the Clerk of the Court a carbon copy of the Transcript of Evidence as required by KRS 28.430 is overruled. The original transcript was certified and filed within the prescribed time, and if the carbon copy was not so certified and filed, and the record indicates that it was not, appellee's remedy was to obtain a rule against appellants to compel the filing of the copy.

All other questions are reserved.

Judgment reversed.

Whole Court sitting.