LUCAS E. MOORE STAVE CO. OF GEORGIA et al.

v.

OVERBEE'S ADM'R.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Williams & Allen, Jackson, for appellants.

A. H. Patton, O. J. Cockrell, Jackson, for appellee.

SIMS, Chief Justice.

The administrator of Jesse Overbee recovered a judgment for $15,000 against appellants, Lucas E. Moore Stave Company of Georgia, Thomas Cendrick and Arkay Stave Company, for the wrongful death of his decedent, a boy under 16 years of age. In seeking to reverse the judgment appellants urge the court erred: 1. In refusing to direct a verdict in their favor; 2. in refusing an instruction offered by appellants that appellee was barred from recovery if the parents of decedent consented to his working for appellants.

In 1942 appellants were cutting timber in Breathitt County for the purpose of manufacturing it into staves and they employed Jesse Overbee, a boy about 15 years of age, who was killed by falling timber. The petition as amended averred appellants employed Jesse in violation of KRS 339.010 (forbidding the employment of a child under 16 years of age without a work permit from the school authorities) and KRS 339.120 (forbidding the employment of such child in an occupation dangerous to life or limb) 1944 Edition of KRS, and sought to recover $25,000 for the boy's wrongful death. Appellants filed separate answers in which each pleaded contributory negligence of decedent, and that his parents "wrongfully, negligently and carelessly caused, encouraged and permitted said decedent to seek employment and engage in the kind and character of work described in the petition." For some unexplained reason the case was not ·tried until August 1951, and the appeal was prayed in this court in 1952.

The proof shows Jesse was helping another employee to file a saw and was warned that a cut tree was about to fall; that Jesse had ample time to, and did, get out of the way of the falling timber but that it struck another tree and knocked a branch off of it which fell on Jesse's head and killed him. There is no evidence that the boy was killed through the negligence of his employer and the sole basis for the action is that they employed Jesse in violation of the Child Labor Law.

The testimony of Jesse's father is to the effect that he and the boy worked in this timber operation, but the father quit his job to go to work in a mine and told Cendrick, one of the appellants, and the Superintendent of the other two appellants, "I didn't want the boy to work there unless I could be with him." The mother testified that on the day Jesse was killed she fixed his dinner for him to take with him on the job; that she did not consent for the boy to work in this timber, "He went against my will, I was sick at the time and couldn't do much with him, you know he was almost grown, a 15 year old boy."

Appellants insist that in view of the testimony just quoted, it is patent both parents consented for Jesse to work in this timber and such consent on their part bars a recovery in this instance, as the adminis-

trator in bringing the action acts as their representative and not as the representative of the estate. Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237, and authorities there cited, and they may not recover for their own wrongdoing. The rule is that parents who consent to, or suffer or permit, the employment of their child contrary to the statute may not recover for the wrongful death of the child. If one parent does not consent then he, or she, may recover, as there has been no violation of the law as to the one not consenting. Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237; Caldwell v. Jarvis, 299 Ky. 439, 185 S.W. 2d 552. Also see Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336; Acres v. Hall's Adm'r, Ky., 253 S.W. 2d 373, to the effect that where the negligence of parents contributed to the death of an infant child, the parents are precluded from recovering for such wrongful death.

■■■ While the testimony of the father of Jesse is uncontradicted, yet different conclusions could reasonably be drawn therefrom, in the circumstances by fair-minded persons as to whether he consented, or knowingly suffered or permitted his son to be employed in this timber operation, hence the question as to him became one for the jury. Rogers v. Abbott, Ky., 240 S.W.2d 840; Hogge v. Anchor Motor Freight, 277 Ky. 460, 126 S.W.2d 877, and authorities there cited. It plainly follows that the court did not err in refusing to direct a verdict for appellants as to the father, but it should have given the instruction offered by them to the effect that if the jury believed from the evidence the father of decedent consented or knowingly suffered or permitted his 15 year old son to be employed by appellants in this dangerous and hazardous work, then he should not recover. On another trial the evidence may develop with more certainty whether the father knew his boy was working for appellants after the father quit working for them.

■■■ We have a different question as to whether or not the evidence shows the mother consented, suffered or permitted the boy to be employed by appellants. She admits she knew he was employed by them but attempts to excuse herself by saying that the boy went to work against her will, that she was sick at the time and did not have much control over him. True, in Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237, as modified on petition for rehearing in 170 Ky. 543, 186 S.W. 150, where the mother was in the last stages of tuberculosis, was frequently hysterical and under the influence of opiates, the question was submitted to the jury as to whether the mother had sufficient reason to know her son was employed or had sufficient power of will to govern her actions respecting his employment. Here, Mrs. Overbee said she was sick, but she did not say how sick, and she fixed her son's lunch that morning and there is nothing in the record to show she did not have sufficient will power to control her 15 year old boy. No fair-minded person can escape the conclusion that the evidence shows Mrs. Overbee consented to her son's employment, or else she suffered or permitted it. This precludes her from sharing in any recovery for his wrongful death and the court should have so instructed the jury.

Should the evidence be substantially the same on another trial, in order that there may be no mistake in the instructions we will set them out with the exception of the one permitting nine of the jury to return a verdict.

No. 1. If the jury believe from the evidence that the decedent, Jesse Overbee, at the time he was killed was under 16 years of age, and that the work in which he was engaged for defendants was dangerous to life or limb, then you will find for plaintiff; unless you further believe from the evidence that decedent's father, Tom Overbee, consented to, or knowingly suffered or permitted decedent to engage in the work described in the petition, in which event you will find for the defendants.

No. 2. The court instructs you that the mother, Clemie Overbee, consented, or knowingly suffered or permitted decedent

to engage in the work described in the petition and this precludes her from sharing in any recovery, should there be any, for the wrongful death of decedent. If you find for plaintiff, you will first find such a sum as you may believe from the evidence will fairly and reasonably compensate the estate of Jesse Overbee for the destruction of his power to earn money, then you will return your verdict for one-half of that sum which in law goes to his father since his mother under the law cannot share in the recovery.

The judgment is reversed for proceedings consistent with this opinion.