**Harlan RIDDELL'S ADMINISTRATOR (Frank Riddell), Appellant,**

**v.**

**Sam C. BERRY, d/b/a Fayette Steel Tank Company, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

Rehearing Denied Feb. 22, 1957.

1

**2**

of his employment and of the nature and character of his work; furthermore, that the deceased employee had accepted and was working under the terms and provisions of the Workmen's Compensation Act. Judgment was entered upon a verdict for the defendant and the plaintiff appeals.

The decedent was exactly seventeen years and eleven months old when he was killed on June 12, 1953. He had been employed three weeks before his death to help around the defendant's steel fabricating plant. At the time of his death he was helping to straighten a steel beam by a mechanically operated hydraulic press which had no electric connections but which was near a wholly separate electrically operated rolling machine. The deceased employee either suffered a heart attack of some kind from natural causes or came in contact with defectively insulated live wires connected with the rolling machine. It seems enough to say that there was sufficient evidence of a tortious death to take that issue to the jury, although the weight of the evidence is the other way.

Redwine & Redwine, M. C. Redwine, Winchester, W. E. Nichols, Lexington, for appellant.

Stoll, Keenon & Park, Lexington, for appellee.

WADDILL, Commissioner.

The complaint, which seeks damages for the tortious death of Harlan Riddell, states that he was seventeen years of age when he lost his life by electrocution through the defendant's negligence; that he was employed "in wilful and known violation of the Child Labor Law of the Commonwealth of Kentucky;" and that neither of the decedent's parents had given their consent for his "hazardous employment or to perform the duties" described. The defendant, Sam C. Berry, doing business as Fayette Steel Tank Company, traversed the allegations and pleaded contributory negligence, assumption of risk and the Fellow Servant Rule. He further pleaded that the decedent's parents had knowledge

On the issue of the decedent's age, the defendant testified Riddell's father had solicited work for his son and in answer to a specific question stated he was eighteen years old. Another witness by whom the boy had been previously employed testified the father had told him he was eighteen years old. The father denied having solicited the job for his son and having made such statements as to his age. Two others who had interviewed the young man testified that he had told them he was that old. The father testified that the boy had procured the job and was at work before he knew it, and that he never learned his son was working around the rolling machine. The father was employed within 500 feet of the defendant's plant and came to the plant at least once during the three weeks his son was working there. He and his son came to work together every day from their home in Estill County. The decedent's mother admitted she knew he was working in Lexington but maintained throughout her testimony that she did not know what kind of work he was doing.

Instruction No. 1 was, in substance, that the jury should find for the plaintiff if they believed from the evidence (1) that Riddell came to his death as the result of an electric shock from having come in contact with a machine at the place of his employment; (2) that he was under eighteen years of age at the time; (3) that the work in which he was engaged was dangerous to life or limb; and (4) that the defendant "knowingly and wilfully so employed the decedent." The instruction continued with the provision to find for the plaintiff unless the jury believed from the evidence that both of the decedent's parents "consented to or knowingly suffered and permitted" him to engage in the work he was doing, adding "in which event you will find for the defendant." Another numbered instruction was to the effect that if either parent did not so consent or permit the employment, a verdict might be returned for that one. Other instructions submitted questions of contributory negligence and assumed risk.

The verdict was: "We the jury find for the defendant under instruction No. 1."

 The appellant contends that the instruction prepared by this court for another trial in Lucas E. Moore Stave Co. of Georgia v. Overbee's Adm'r, Ky., 262 S.W. 2d 828, should have been given. That instruction authorized a finding for the estate of a deceased minor employee if the jury believed he was under sixteen years of age and that the work in which he was engaged was dangerous. There was no question that the employee was killed by a falling tree. But in this case there was a very sharp issue as to whether death was from a natural cause or a tortious cause, so that issue was properly incorporated in the given instruction. Liability of the defendant in this case was predicated in the complaint and the instruction upon employment of the deceased in dangerous work with knowledge that he was under eighteen years of age. This factor of knowledge of the employee's age was not in controversy in the Overbee case, nor does it appear the young man was working under the Work-

men's Compensation Act. It was proper, therefore, to assume the existence of such knowledge and to omit that factor from the instruction. In this case the matter of the employer's knowledge that the young man was under eighteen years of age was very much in dispute, so, it was proper to submit that question in the instructions for reasons hereinafter stated.

The appellant's argument seems to be that in all cases an employer of a minor under eighteen years of age in violation of the Child Labor Law is legally responsible for his wrongful death or injury, irrespective of the absence of knowledge that he was such a minor. The appellant construes the Overbee case, supra, 262 S.W.2d 828, as so holding. We think that is a misconstruction for two reasons. One is, as stated, that there was no issue as to the employee's age, or, indeed, the employer's knowledge of it. The other reason is that the parties were not within the provisions of the Workmen's Compensation Act as they were in the instant case.

The statutes declare that a minor "who has passed his sixteenth birthday but is under eighteen" may not be "employed, permitted or suffered to work in, about or in connection with" enumerated or described occupations or places, among which is operating or assisting to operate "plate bending machines, machines used for cold rolling of heavy metal stock." KRS 339.240, 339.230(2) (d). The appellee does not deny the operations in which the decedent, Riddell, was employed are within the prohibition of the statute.

It is true these two sections of the statutes, as part of the Child Labor Law, mandatorily declare that a minor within the respective ages "may not be employed" and contain no condition of knowledge or absence of knowledge of his age on the part of the employer. But these sections of the statutes cannot be considered separately and apart or be interpreted wholly by their own terms where the parties were covered by the provisions of the Workmen's Compensation Act. KRS 342.170, a section of that Act, provides:

"If any minor employe is injured or killed while being employed by the employer in willful and known violation of any law of this state regulating the employment of minors, the statutory guardian or personal representative of the minor may claim compensation under this chapter or may sue to recover damages as if this chapter did not exist."

The accompanying qualification with respect to a minor under sixteen years of age is immaterial here.

■ The right of the plaintiff to maintain the common law action rests on this statute. It imposes something of a penalty upon the employer if the employee or his administrator chooses to seek damages. So knowledge is a condition to the right to pursue that remedy. These statutory provisions have a common purpose and are aimed at the accomplishment of the same result and the suppression of the same evil of employing children in dangerous work. They are in pari materia. Milner v. Gibson, 249 Ky. 594, 61 S.W.2d 273. The Compensation Act adopts the Child Labor Act as a part of it and the two statutes must be read together. Compare Louisville & N. R. Co. v. Stephens, 298 Ky. 328, 182 S.W.2d 447. Such is the conclusion in Caldwell v. Jarvis, 299 Ky. 439, 185 S.W.2d 552, 554. In that case the administrator of a sixteen year old boy killed in a stone quarry contended that the employer's failure to secure the age certificate described by KRS 342.065 took the relation or employment out of the provisions of the Workmen's Compensation Act and whether the employer had wilfully and knowingly violated the Child Labor Law was wholly irrelevant. In this well considered opinion, in rejecting the contention we held "the failure of an employer operating under the Workmen's Compensation Act to procure such a certificate does no more than subject him to an action for damages in which a recovery may be had in the event, and only in the event, it is shown that his act in employing the infant was in wilful and known violation of the Child Labor Laws." We held that whether the employment had been "in wilful and known violation of the Child Labor Laws" was a question to be submitted to the jury. The decision is supported by Ousley v. Hope Engineering & Supply Co., 239 Ky. 714, 40 S.W.2d 331, as is stated in the opinion.

■ It is begging the question to say that the Jarvis case is inapplicable because KRS 339.230(2) (d) and 339.240, upon which the appellant rests his case, were enacted three years after the opinion was delivered in 1945. The act of 1948 was but a revision of the previous statute and, in respect to forbidding employment of a minor in dangerous places, made no change in principle or purpose. When a statute adopts a part or all of another statute regulating the subject in hand generally, rather than referring to a particular or specific part of a statute, "the reference in such case means the law as it exists at the time the exigency arises to which the law is to be applied"; or, as stated in the quotation from an Illinois case, Culver v. People, 161 Ill. 89, 43 N.E. 812, " 'the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law in force when action is taken or proceedings are resorted to.' " Johnson v. Laffoon, 257 Ky. 156, 77 S.W.2d 345, 347. In any event, the conception of the statutes being in pari materia today is as sound as it was in 1945.

The several cases relied upon by the appellant other than L. E. Moore Stave Co. of Georgia v. Overbee's Adm'r, Ky., 262 S.W.2d 828, are distinguishable by the facts or the particular legal questions in each case. They relate to a reliance on representations as to age or to consent or nonconsent of the parents or the Workmen's Compensation Act was not involved.

■ Other claims of error are made. It may be observed that since instruction No. 1 did not predicate liability upon the employer's negligence but made that liability absolute, irrespective of negligence (although that was pleaded), there was no need to define ordinary care, the omission of which the appellant claims was an error. Nor do we reach the question of

whether an employer may or may not unreservedly rely upon the employee's statements as to his age. We need not decide whether it was improper to submit the issues of contributory negligence or assumed risk, for the jury did not return a verdict upon either of these grounds.

Perceiving no error, the judgment is affirmed.