Walter **CAMPBELL**, Administrator of the
Estate of Thomas Allen Campbell,
Appellant,

v.

EAST KENTUCKY BEVERAGE COMPANY,
Appellee.

Court of Appeals of Kentucky.

March 16, 1962.

Don A. Ward, William Melton, Hazard, for appellant.

M. P. Barret, W. W. Reeves, Richard D. Cooper, Hazard, for appellee.

PALMORE, Judge.

Tommy Campbell, a 16-year old boy, was drowned when a soft-drink truck on which he was employed as a helper ran off the road into a river. The administrator of his estate brought this action against the employer under the wrongful death statute, KRS 411.130. Among other defenses it was pleaded that the provisions of the Workmen's Compensation Act applied and the circuit court was without jurisdiction to entertain the action. See Mahan v. Litton, Ky.1959, 321 S.W.2d 243. At the close of plaintiff's evidence the trial court sustained defendant's motion for a directed verdict. Plaintiff appeals.

The evidence showed that Tommy began to work as a helper on the appellee's trucks in 1958, when he was 15 years of age. He reached his 16th birthday on January 3, 1959. On February 21, 1959, he signed the employer's job application form on which his age was shown as 18 years. The fatal accident occurred on October 13, 1959.

It is contended that the employment was in violation of the Child Labor Law, KRS Chapter 339, and that the right to bring this suit is preserved by KRS 342.170, which reads in part as follows:

"If any minor employe is injured or killed while being employed by the employer in willful and known violation of any law of this state regulating the employment of minors, the statutory guardian or personal representative of the minor may claim compensation un-

**292**

der this chapter or may sue to recover damages as if this chapter did not exist. * * *"

 Whether Tommy's job was a hazardous occupation so as to bring him under the protection of KRS 339.240 is unnecessary to decide. At the least, his employment was in technical violation of KRS 339.280, because no employment certificate was procured. It is conceded, however, that the employer was operating under the Workmen's Compensation Act. Therefore, in order to bring the action within the saving feature of KRS 342.170 plaintiff had the burden of proving that the violation was "willful and known." Caldwell v. Jarvis, 1945, 299 Ky. 439, 185 S.W.2d 552; Riddell's Administrator v. Berry, Ky.1956, 298 S.W.2d 1.

The only evidence conceivably bearing on the employer's knowledge of Tommy's true age (other than a photograph taken at least 1½ years before the date of the accident, which had no probative value) was this: Woodward Lyttle, Jr., the driver of the truck in which the boy was riding when it went into the river, said he did not appear to be 18 but "looked like about 17." Yet this witness himself believed he was 18 until an hour before the tragedy, at which time, he says, as they were riding along the road leading to the place of the accident the matter of Tommy's having quit school came up in conversation and the boy said he was 16. The witness admitted on cross-examination that one week after the accident he had signed a sworn statement that Tommy "never did mention it (his age) to me because I took it for granted he was eighteen."

Even if this particular portion of Lyttle's testimony were credible evidence, and if we should assume arguendo that notice to Lyttle was imputed to the employer, the information came too late to make possible any action by the employer to rid itself of the violation. Certainly it would be unreasonable to hold that such a "notice" could amount to knowledge within the meaning of KRS 342.170.

Swift v. Illinois Central Railroad Company, D.C.W.D.Ky., 1955, 132 F.Supp. 394, on which the appellant places much reliance, is inapplicable for the reason that it did not involve workmen's compensation and, in particular, KRS 342.170. Moreover, the case of Wynn Coal Co. v. Lindsey, 1929, 230 Ky. 53, 18 S.W.2d 864, cited by the District Court in support of that portion of the opinion which might otherwise be relevant here, was expressly overruled in Caldwell v. Jarvis, 1945, 299 Ky. 439, 185 S.W.2d 552.

Judgment affirmed.